### BARR v. SATCHER.

1. CONTRACTS—STATUTE OF FRAUDS.—A verbal agreement to sell a lot
   of cotton at a specified price to be delivered at à particular place
   on demand is within the statute of frauds.
2. CONTRACT—FUTURES.—A complaint alleging only an agreement to
   sell and deliver a lot of cotton at a future time does not state a
   cause of action within the purview of the statute relating to con-
   tracts in futures. Code 1902, 2310.

Before PURDY, J., Saluda, October term, 1904. Affirmed.

Action by C. G. Barr against James A. Satcher. From
order granting nonsuit, plaintiff appeals.

*Mr. Barnard B. Evans,* for appellant, cites: 68 S. C., 363;
27 S. C., 364.

*Messrs Able & Blease,* contra.

June 27, 1905. The opinion of the Court was delivered
by

MR. JUSTICE GARY. This is an appeal from an order of
nonsuit. The complaint alleges: 1st. "That on the 30th day
of November, 1903, at Ridge Spring, in the county and State
aforesaid, the plaintiff and the defendant entered into an
agreement, and thereby it was mutually agreed between
them as follows: That the defendant should sell and deliver
to the plaintiff on demand at Wards, in the county and State

aforesaid, on or before the second day of December, 1903, twenty-one bales of lint cotton, in the aggregate weight of 10,500 pounds, and that the plaintiff should pay the defendant therefor upon delivery of said cotton, at the rate of eleven and one-eighth cents per pound for each bale of said cotton.

"2d. That the plaintiff was ready at the time and place appointed to receive said cotton and to pay for the same according to the agreement, and requested the defendant to deliver the same; and otherwise has duly performed all the conditions thereof on his part.

"3d. That the defendant refused to deliver the said cotton, to the damage of this plaintiff in the sum of $393.75, the difference in the price at which plaintiff purchased the said cotton from the defendant and the price at which the said cotton is selling at the date of this action, to wit: fourteen and seven-eighths cents.

"4th. That plaintiff immediately resold the said cotton purchased from the defendant, to other parties, and in the defendant's refusal to deliver the same to the plaintiff he has been unable to meet the demand on him for the same, and was compelled to make good the said demand by paying the difference in the price of the said cotton."

The defendant denied the allegations of the complaint and set up as a defense, that the agreement was void under the statute of frauds.

In granting the order of nonsuit, his Honor, the presiding Judge, said: "I grant the motion, first, upon the ground, as a matter of law, this action cannot be maintained under section 2653. If necessary to go further, on the further ground, from plaintiff's testimony, at the time of the commencement of the action, he had not paid out any money."

The first exception is as follows: "Because his Honor erred in holding that the allegations of the complaint came within the statute of frauds, and in the purview of section 2653 of the Civil Code."

Section 2653 of the Code of Laws provides that: "No

contract for the sale of any goods, wares and merchandise for the price of fifty dollars or upwards shall be allowed to be good except the buyer shall accept part of the goods so sold and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or that some note or memorandum in writing of the said bargain be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized."

There was no testimony tending to show compliance with any of the requirements of this section, and the exception is overruled.

The second exception is as follows: "Because his Honor erred in not holding that said agreement came within the purview of sec. 2310 of the Civil Code, and, therefore, not barred by the statute of fraud." Sec. 2310 of the Code of Laws contains the following provisions: "Every contract, bargain or agreement, whether verbal or in writing, for the sale or transfer at any future time, * * * of any cotton * * * shall be void unless the party contracting, bargaining or agreeing to sell or transfer the same, is at the time of making such contract, bargain or agreement, the owner or assignee thereof, or is at the time authorized by the owner or assignee thereof, or his duly authorized agent, to make and enter into such contract, bargain or agreement for the sale or transfer of such * * * cotton * * * so contracted for, or unless it is the *bona fide* intention of both the parties to the said contract, bargain or agreement, at the time of making the same, that the said * * * cotton * * * so agreed to be sold and transferred shall be actually delivered in kind by the party contracting to sell and deliver the same, and shall be actually received in kind by the party contracting to receive the same at the period in the future mentioned and specified in the said contract, bargain or agreement for the transfer and delivery of the same." The allegations of the complaint are not appropriate to an action

under this section, and its provisions cannot be invoked by the plaintiff.

In order to bring an action under this section, the plaintiff must allege: "1st. That the party making the contract for the sale of cotton for future delivery was the owner or assignee thereof at the time the contract was made; or 2d. That the seller was at the time authorized by the owner or assignee, or his duly authorized agent, to make such sale; or 3d. That it was the *bona fide* intention of both parties—seller and buyer—at the time of making such contract, that the cotton should be actually delivered and received in kind at the future period mentioned." *Riordan* v. *Doty*, 50 S. C., 537, 543, 27 S. E., 939. There are no such allegations in this complaint.

In the case of *Gist* v. *Tel. Co.*, 45 S. C., 344, 364, 23 S. E., 143, the Court says: "It is clear, upon the plainest principles of pleading, that if an action should be brought to enforce the performance of a contract for the future delivery of cotton, or to recover damages for the breach of such contract, it would be necessary to state all the material elements constituting such contract. If, therefore, in an action based upon contract for the future delivery of cotton, the complaint should simply state, as it does in this case, the making of the contract, without alleging that the plaintiff was the owner or assignee of the cotton at the time the contract was made, or was at the time authorized by the owner or assignee, or his duly authorized agent, to enter into such contract, or that it was the *bona fide* intention of both parties, at the time of making said contract, that the cotton should be actually delivered and received in kind at the future period mentioned, it is clear that such complaint would not state facts sufficient to constitute a cause of action, because it omitted these allegations material to the validity of the contract, which constituted the basis of the action. Indeed, *such a complaint would state nothing more than a contract* expressly declared by statute to be void" (italics ours).

But even if these material elements had been alleged in

the complaint, the contract would have been obnoxious to the statute of frauds unless there was a compliance with the requirements of that statute.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.    ·