### 7902

### MAYBANK & CO. v. ROGERS.

1. PLEADINGS—FUTURE SALES.—A complaint alleging that a contract for the future sale of cotton was made with the *bona fide* intention of the parties at the time to deliver in kind states a good cause of action under the statute, the allegations are not inconsistent with the other facts alleged, nor is it necessary to allege evidentiary matter from which such intention may be inferred.

2. DAMAGES—PROFITS.—The rule that the vendee is entitled to the difference as damages between the price of goods sold and the market price at time of delivery does not require the vendee to buy at time and place of delivery, but proof of the contract price and the market price at that time and place establish a basis for certain profits.

Before GARY, J., Florence, April, 1910. Affirmed.

Action by Maybank & Co. against F. M. Rogers. Defendant appeals.

*Messrs. Ragsdale & Whiting,* for appellants, cite: *The allegations are insufficient:* 45 S. C. 364; 31 Cyc. 81, 86; 4 Ency. P. & P. 746; 32 S. C. 144; 58 S. C. 495; 31 Cyc. 102; 6 Ency. P. & P. 270; 12 Pac. 822; 2 Brev. 428; 28 S. C. 396; 31 Cyc. 335; 107 S. W. 415; Code 1902, 2310, 2311; 50 S. C. 537; 54 S. C. 382; 56 S. C. 111; 72 S. C. 35; 77 C. C. A. 164; 85 Tenn. 572; 21 S. W. 898; 24 S. W. 184; 33 S. W. 783. *Averment of intention is not admitted by demurrer:* 1 McM. 57; 32 S. C. 129; 36 S. C. 485; 55 S. C. 342; 9 Cranch. 417; 19 S. C. 66; 32 S. C. 129; 59 S. C. 311; 63 S. C. 572; 11 Ency. 508; 17 Cyc. 48; 112 N. C. 691; 25 C. C. A. 604; 41 S. C. 187; 32 S. C. 45; 2 L. R. A. (N. S.) 1078; 2 Brev. 428; 31 Cyc. 333; 6 Ency. P. & P. 338; 107 S. W. 415. *Allegations as to bona fides are repugnant to other allegations in the complaint:* 86 N. W. 645; 69 N. W. 543; 110 U. S. 507; 55 Mo. App. 406; 47 N. E. 763; 11 Fed. 193; 81 C. C. A. 358; 2 L. R. A. 676; 1 McM. 57; 32 S. C. 129.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: *The allegations are sufficient:* 75 S. C. 35; 45 S. C. 364; 50 S. C. 537; 56 S. C. 118; 53 S. C. 173; 87 S. C. 67. *Measure of damages:* 75 S. C. 349; 78 S. C. 200; 74 S. C. 202; 46 Am. St. R. 876.

May 5, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The appeal herein is from an order overruling a demurrer to the complaint upon two causes of action for the recovery of damages aggregating $17,187.50, for alleged breach of contracts for the sale and delivery of cotton.

The complaint on the first cause of action alleged substantially: (1) That plaintiff is a domestic corporation engaged in the business of buying and selling cotton for profit; (2) that defendant agreed in writing, on June 23, 1909, to sell to plaintiff five hundred bales of cotton to be delivered at Florence, S. C., between September 15th and December 30th, 1909, at the price of 10 1-2 cents per pound for Maybank 5's, with deductions and additions for other grades according to Maybank & Company's differences in effect on the day of delivery; (3) that delivery of said cotton was to be made during the time specified at seller's option; (4) that at the time of making said agreement of sale it was the *bona fide* intention of both parties that the cotton so agreed to be sold should be actually delivered in kind by the defendant, and that plaintiff was, during the period of delivery, to be ready and willing to receive the cotton in kind; (5) that plaintiff was ready and willing during said time to accept the cotton and pay for the same, but defendant failed to deliver said cotton or any portion thereof; (6) that on December 31, 1909, cotton of the grade and at the point of delivery agreed upon was worth on open account 15 1-8 cents per pound; (7) that a commercial bale of cotton as contemplated by the parties con-

tains five hundred pounds, and that the failure of defend-
ant to deliver said cotton damaged plaintiff $11,562.50, the
difference between the value of 250,000 pounds of cotton
at the contract price of 10 1-2 cents per pound and the
value of said cotton at 15 1-8 cents per pound, the market
price at the end of the period of delivery.

The second cause of action was upon a similar contract,
made July 17, 1909, to sell five hundred bales of cotton
to be delivered at Florence, S. C., between September 15th
and December 1, 1909, at the price of 11 1-2 cents per
pound, the damages claimed for breach being $5,625, the
difference between the value of the cotton at contract price
and the value of the cotton at the market price, at 13 3-4
cents per pound, on December 2, 1909. In other respects
the allegations upon each cause of action are the same.

The demurrer was upon the ground that the complaint
failed to state a cause of action.

1. Because it appears that the parties did not intend an
actual delivery of the cotton, and that the transactions were
mere wagers as to the rise and fall of the price of cotton.

2. Because it appears that plaintiff seeks to recover
profits by reason of the rise in the price of cotton and
demands payment of the difference between the contract
price and the market price at the time fixed for executing
the contract, and there is no allegation that plaintiff was
compelled to purchase, or that it did purchase, cotton to
replace that contracted for by said agreements, or that
plaintiff suffered any loss by the failure of defendant to
deliver said cotton, other than that occasioned by the loss
of speculative profits.

3. Because the complaint does not show that there was
any difference between the contract price and the market
price at the time fixed for executing said contracts, the
limit of delivery being December 30, 1909, on the first
contract, whereas the allegation was as to market price on
December 31, 1909; and on the second contract the limit

of delivery was December 1, 1909, whereas the allegation was as to market price on December 2, 1909.

The demurrer was overruled by Judge Ernest Gary. Appellant by his exceptions renews the grounds of demurrer except as to the third ground, which is abandoned. We hold that the demurrer was properly overruled.

Section 2310 of the Civil Code of 1902, volume I, provides that: "Every contract, bargain or agreement, whether verbal or in writing, * * * for the sale or transfer at any future time of any cotton * * * shall be void * * * unless it is the *bona fide* intention of both the parties to the said contract, bargain or agreement, at the time of making same, that the said cotton * * * so agreed to be sold and transferred shall be actually delivered in kind by the party contracting to sell and deliver the same, and shall actually be received in kind by the party contracting to receive the same at the period in the future mentioned and specified in the said contract, bargain or agreement for the transfer and delivery of the same." The cases construing this section hold that a complaint, which alleges that it was the *bona fide* intention of both parties, at the time of making said contract, that the cotton should be actually delivered and received in kind at the future period mentioned, states a cause of action. *Gist v. Tel. Co.,* 45 S. C. 364, 23 S. E. 143; *Riordan v. Doty,* 50 S. C. 537, 27 S. E. 939; *Riordan v. Doty,* 56 S. C. 118, 34 S. E. 68; *Barr v. Satcher,* 72 S. C. 35, 51 S. E. 530.

Such is the allegation of the complaint in this case. The allegation of intention is an allegation of fact which stands admitted by the demurrer. The averment of *bona fide* intention is not inconsistent with other facts stated in the complaint, or with any presumption arising from such facts. It is true that the statute, section 2311, places the burden of proof on the plaintiff to establish the *bona fide* intention of the parties at the time of making the contract,

but it is not necessary to state in the complaint the evidentiary matter by which such intention may be established.

We find nothing in the second ground of demurrer which needs to be considered, since it appears that the allegations as to the contract are sufficient against a general demurrer. The ordinary rule is that when the vendor fails to deliver goods sold the vendee is entitled to recover the difference between the contract price and the market value of the goods at the time and place of delivery. *Ellison* v. *Johnson & Co.,* 74 S. C. 202, 54 S. E. 202; *Leesville Mfg. Co.* v. *Iron Works,* 75 S. C. 349, 55 S. E. 768; *Brook* v. *Milling Co.,* 78 S. C. 200, 58 S. E. 806.

This rule does not contemplate that the vendee, to avail himself of it, shall buy upon the market articles to replace those contracted for. Proof of the contract price and the market price at the time and place of delivery establishes a basis for *certain,* not *speculative,* profits, if the market price be higher than the contract price.

The judgment of the Circuit Court is affirmed.