10983

SWIFT & CO. v. GOLDBERG

(113 S. E. 358)

1. SALES—SELLER'S DAMAGES HELD BARRED ON MARKET VALUE AS ESTABLISHED BY RESALE.—In seller's action for breach of a contract to buy linters, where there was evidence that buyer definitely repudiated his contract on June 16, and also evidence that buyer requested seller to hold the linters until the following October, if the jury believed the latter evidence, it was proper for them to consider the price at which the linters were resold by the seller in October, in ascertaining the reasonable market value at the time and place of breach.

2. SALES—LETTER WRITTEN BY BUYER TO SELLER PRIOR TO MAKING OF CONTRACT NO EVIDENCE OF DEFECTIVE GOODS.—A letter written by buyer to seller, prior to the making of the contract, to the effect that buyer could not use damaged linters, would not tend to establish that the linters refused by buyer were actually damaged.

3. SALES—INSTRUCTION THAT DAMAGED CONDITION OF GOODS SOLD WAS NO DEFENSE HELD NOT TO WITHDRAW FROM JURY SUCH CONDITION, AS AFFECTING MARKET PRICE.—An instruction that buyer was not entitled to rely on the damaged condition of the linters sold, as a defense for failure to accept them, as this defense had not been pleaded, *held* not to withdraw from jury's consideration the condition of the linters as affecting the market price.

4. TRIAL—INSTRUCTION AS TO DAMAGES HELD NOT ERROR, IN VIEW OF OTHER INSTRUCTIONS.—An instruction that if seller had performed his part of the contract and buyer refused to accept goods seller was entitled to recover as damages the amount he would have received if buyer had carried out his obligations *held* not error, when considered in connection with the other instructions as to the measure of damages.

Before WHALEY, J., County Court, Richland, March 1921. Affirmed.

Action by Swift & Co. against F. Goldberg *et al.,* partners as American Metal & Waste Co. Judgment for plaintiff and defendants appeal.

*Messrs. Barron, Frierson, McCants & Elliott,* for appellants, cite: *Sound price warrants a sound commodity:* 100 S. C., 389; 105 S. C., 273. *Measure of damages*: 68 S. C., 367; 78 S. C., 207; 88 S. C., 572; Benj. on Sales (1888), Sec. 758; 2 Sedg. Damages (9th Ed.), 1579; 64 Fed. Rep., 569.

*Mr. D. W. Robinson,* for respondent, cites: *Law case and findings of jury on facts will not be disturbed:* 101 S. C., 430; 102 S. C., 333; 95 S. C., 67; 59 S. C., 564; 98 S. C., 273. *Time not fixed, plaintiff had reasonable time to perform*: 115 S. C., 432. *Measure of damages*: 78 S. C., 206; 106 S. C., 379; 8 R. C. L., 421, 431, 451, 454; 6 Page Conts., Sec. 31; 81 S. C., 185; 61 S. E., 243; 17 L. R. A. (N. S.), 819; 115 S. C., 430; 102 S. C., 427; 88 S.

C., 576.   *No tender necessary*: 109 S. E., 409; 110 S. E., 120; 2 Benj. on Sales, Sec. 1121, p. 976.

August 17, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

By the terms of a contract, dated February 6, 1920, the plaintiff agreed to sell to defendants approximately 500 bales of linters at 2 cents per pound, f. o. b. Columbia warehouse, to be shipped "from date to April 15th, or as soon thereafter as purchasers can take same." It is not denied that the time for delivering the linters was extended beyond April 15th, nor that defendants failed and refused to take 234 bales of the linters contracted for. From judgment for plaintiff in the sum of $1,755 defendants appeal upon exception complaining of alleged erroneous rulings of the trial Judge, which resulted, as they contend, "in a verdict for too large an amount."

Several of the exceptions are directed to the contention (points 1 and 4 of appellants' printed argument) that—

"The trial Court erred in permitting the jury to consider the selling price of the linters in October, 1920, (a) because such a sale does not furnish the proper measure of damages, and (b) because the sale was too remote in time after the breach of the contract."

Appellants' legal position in this connection rests mainly, if not wholly, upon their contention of fact that the contract was definitely breached by defendants on June 16, 1920. On that date defendants wrote the plaintiff:

"Kindly sell the balance of the linters to some other party."

But that defendants did thereby definitely agree to abandon the contract is directly controverted by the testimony of plaintiff's manager, Allen, to the effect that thereafter

the defendants repeatedly asked him "to hold the stuff," that conversations and negotiations went on "up until some time in October," and that in the meantime he "could not sell" the linters. There was abundant testimony tending to sustain plaintiff's contention of fact that the linters. were disposed of by plaintiff upon the best terms available after allowing defendants a reasonable time to perform in accordance with the express terms of the contract. The trial Judge, therefore, properly permitted the jury to consider the sale of the linters in October and the selling price thereof, and correctly charged upon the issue of fact thus raised as follows:

"But if you believe that these other conversations took place, and that they carried on their contract, modified as it were with regard to time, then it is not too remote, and it could be taken as an element in ascertaining the reasonable marketable value at that time and this place. And why would you want that? In order to ascertain the measure of damages, because the law has a measure in this State, and the measure is the difference between the contract price and the reasonable market value at the time and place of the breach of the contract. The difference the law presumes will reasonably compensate in cases of this kind." 6 Page on Contracts, §. 3224; *Brooke v. Milling Co.,* 78 S. C., 206, 58 S. E., 806, 125 Am. St. Rep., 780; *Standard Supply Co. v. Carter,* 81 S. C., 185, 62 S. E., 150, 19 L. R. A. (N. S.), 155; *Oxweld Acetylene Co. v. Davis,.* 115 S. C., 430, 106 S. E., 157; *Maybank v. Rogers,* 88 S. C., 576, 71 S. E., 48.

It is further suggested that the ruling of the trial Judge in thus permitting the sale price of the linters. in October to be considered as an element in ascertaining damages was erroneous, in that the defendant had been improperly deprived of the right to introduce testimony tending to show that the linters had become damaged

before the sale. The trial Court excluded a letter from defendants to plaintiff, dated February 2, 1920, written prior to the date of the contract here involved, requesting plaintiff to "see that future shipments contain no damaged goods," and advising that it was impossible to use "damaged stock on account of the odor." Point 3 of appellants' printed argument. The letter was clearly irrelevant. There was no allegation in the answer that the linters were refused on account of damaged condition. Even if defendants were entitled under a general denial to interpose that defense, a notice to plaintiff prior to entering into this contract, to the effect that defendants could not use damaged linters, would not tend to establish that the linters refused under his contract were actually damaged. The letter of February 2, 1920, was therefore properly excluded. Insofar as the sale price of the linters in October might have been affected by damaged condition, the record discloses that defendants were permitted to go fully into that question upon cross-examination of plaintiff's witnesses, and there is no assignment of error as to the exclusion of any testimony with respect to such unsound condition other than the letter of February 2.

The trial Judge charged that defendants were not entitled to rely on "damaged condition" as a defense against failing to take the linters, because no such defense had been pleaded, and for the further reason that defendants' own testimony conclusively showed that no such claim was made before the suit was begun. The error assigned (exception 5) in so charging is that the trial Judge "should (ought to) have permitted the jury to consider such testimony * * * as bearing upon the question of the amount of damages suffered by the plaintiff." The clear purport of the Judge's charge was not to withdraw from the jury consideration of the condition of the linters as affecting the market price when sold and as thus bearing upon the amount of damages, but merely to in-

struct that defendants were precluded from asserting on the trial that the goods had been refused on account of such damaged condition. In any view of the case we think the charge, predicated upon the absence of evidence to support an inference that the linters were refused on account of quality, was warranted.

Error is imputed to the trial Court in charging the plaintiff's fifth request to charge. The exception (7) as framed is too general to entitle it to consideration. We have endeavored, nevertheless, to accord it careful attention in the light of its interpretation by appellants' counsel in their printed argument. Their contention is thus stated:

"In it the trial Judge told the jury that if the plaintiff had performed the contract on its. part, but the defendant had committed a breach of it, the jury should find for the plaintiff 'such amount by way of damages as the plaintiff would have received if the contract had been carried out and performed.'"

Appellants contend that this charge was misleading in that plaintiff, in the event of breach by defendants, was entitled not to such amount as it would have received if the contract had been carried out, viz.: 2 cents per pound for the linters which defendants contracted to take, but only to the difference between the contract price and the market price of the linters at the time and place they should have been accepted. The language complained of must be considered in connection with the trial Judge's full and clear instructions in his general charge to the effect that the measure of the plaintiff's damages was "the difference between the contract price and the reasonable market value at the time and place of the breach of the contract," and also in connection with the charge of plaintiff's sixth request to the same effect. So considered, there was no error. The purpose of the instruction was merely to direct attention to the underlying general principle of the law that actual

damages are intended to make the injured party whole. "Such an amount by way of damages as the plaintiff would have received if the contract had been carried out" was, as clearly indicated by the Court, to be compensation to plaintiff for the difference between what the plaintiff's position actually was and what "it would have been if the contract had been performed." *Brooke v. Milling Co.,* 78 S. C., 206; 58 S. E., 806; 125 Am. St. Rep., 780.

The exceptions are overruled, and the judgment of the County Court is affirmed.