## BURWELL & DUNN CO v. CHAPMAN.

1. JUDGMENT.—Omission of date to judgment is mere irregularity, and does not affect its validity.
2. COURT OF COMMON PLEAS.—Under Code, 26, Circuit Judge is required to open Court of Common Pleas for Saluda County for trial of default and equity cases after adjournment of Sessions Court at summer term.
3. WRITTEN INSTRUMENT—CONTRACT—GOODS SOLD AND DELIVERED.— Whether paper was a contract or an order, is not material, since defendants are liable for goods shipped thereunder, in absence of evidence showing that goods did not come up to representations.
4. EVIDENCE—GOODS SOLD AND DELIVERED.—Upon issue of failure of goods to come up to representation, evidence that like goods sold by same party to a third person were not as represented, is irrelevant.
5. EVIDENCE BY PAROL of countermand of order by letter, properly ruled out here, because, (1) there was no ground for secondary evidence; (2) such evidence contradicted the order, and (3) there was no evidence that seller ever received the letter, or notice of countermand.
6. JUDGE—WITNESS.—It is province of Judge and not of the witness to construe a written instrument.
7. EXCEPTION too general.
8. APPEAL.—EXCEPTION by defendant to refusal of motion for nonsuit by magistrate, not excepted to on appeal to Circuit Court, cannot be raised by exception here.

Before KLUGH, J., Saluda, August, 1900.   Affirmed.

Action for goods sold and delivered by Burwell & Dunn Co. *v.* Irvine Chapman *et al.* From order Circuit Court reversing judgment of magistrate, defendants appeal. The following is the contract or order under which the goods were shipped:

"The Burwell & Dunn Company of Charlotte, N. C., will please ship to us at Chappells, S. C., the following goods, for which we will pay the prices set out in the list, at $5 a month until paid, from date of shipment, provided that company

will also allow us 25 per cent. discount, for which no charge shall be made, the consideration therefor being our making this order and our agreeing to push, as well as we can, the sale of King's medicine, manufactured by said company. All these goods to be delivered f. o. b. at Charlotte, N. C., and f. o. b. factory. It is agreed that we may exchange within twelve months from this date, any goods hereby ordered, for other goods on this list, we delivering them in good order at Charlotte, N. C. This order is not subject to be countermanded by us, and we expressly agree that this writing contains all the contract between us and the Burwell & Dunn Company concerning the purchase of the goods hereby ordered. (Here follows the items designating the goods ordered, which amounted to $60 in all, less 25 per cent. off, making $45.) Executed at Big Creek, S. C., on 21st day of April, 1899. Chapman Bros., purchaser. F. J. Flaun, for the company."

Defendants allege the following grounds of error:

"1. In that the order signed by his Honor, reversing magistrate and giving judgment, is not dated.

"2. That his Honor erred in hearing the appeal in this case, which is a litigated and contested case, and awarding judgment thereon; in the August, 1900, term, there being no provision made by law for opening the Common Pleas in August, 1900.

"3. In that his Honor erred in opening and holding the Court of Common Pleas for Saluda County in August, 1900, and giving judgment in this action.

"4. In that his Honor, Judge J. C. Klugh, erred in construing 'Ex. A' to be a contract, when he should have construed same to be an order, binding upon the defendants only after Burwell & Dunn Company had legally signified their acceptance of same.

"5. In that his Honor erred in holding 'Ex. A' to be a contract, when the evidence uncontradictedly showed that

Flaun was a commercial traveler, and did not hold himself out as having more power than an ordinary commercial traveler, and could not bind plaintiff.

"6. In that his Honor erred in holding "That the magistrate erred in permitting the defendants' counsel on cross-examination to ask Crawford, a witness for the plaintiff, the following question, to wit: "Did their goods come up to the representations they made before selling?"—on the ground that the question was irrelevant;' said question being on cross-examination and after the fact of witness' buying goods from them had been brought out by plaintiff.

"7. . That his Honor erred in holding "That the magistrate erred in refusing to strike out from the record, on motion of plaintiff's attorney, and in permitting the witness to continue to testify over the objections of the plaintiff's attorney concerning an alleged countermand. Because 1st. Such testimony was inadmissible, because it contradicted and varied the terms of a written agreement and contract signed by the witness and in evidence before the Court at that time. 2d. Because if evidence of countermand was admissible and such countermand was a written letter, the letter was the best evidence, and parol testimony could not be heard until defendants had shown that they had used due diligence to get that letter and had failed to do so. 3d. Because if evidence of countermand was admissible, and the defendants were not bound to produce the written countermand or to show that they had used due diligence to do so and had failed, even in such case, defendant was bound to bring home to the plaintiff actual knowledge of the countermand and the receipt of the letter, before any evidence as to such alleged countermand would be competent, and failing to do this, all evidence as to the alleged countermand became incompetent, and should have been stricken from the record.'

"8. In that his Honor erred in holding that 'The magistrate erred in permitting defendant's counsel, over the objection of the plaintiff, to ask the following questions of the de-

fendant, W. I. Chapman, and in permitting the said defendant to answer the said questions, because such testimony was permitting a witness to construe a written agreement, which alone is the province and duty of the Court. The following are the questions referred to : "Do you consider this a contract? A. No. What do you consider it? A. An order."

"9. (Abandoned.)

"10. In that his Honor erred in holding that 'The magistrate erred in considering that there was any evidence of a countermand before the Court, in that all evidence offered on that point was incompetent,' and even if competent, he erred in holding that actual knowledge of this countermand had been brought home to the plaintiff sufficiently to bind them, in that there was absolutely no evidence before the Court from which such finding could be made.'

"11. Because his Honor erred in holding that 'The Court erred in not giving the plaintiff judgment against the defendants for the sum of $45, with interest and costs, as prayed for by the plaintiff.'

"12. Because his Honor erred in giving judgment for plaintiff instead of sending same back for a new trial, when it appeared from the pleadings and evidence that the corporate existence of plaintiff was set up in the complaint, was denied in the answer, and that there was no evidence going to show and prove corporate existence of plaintiff.

"13. That his Honor erred in giving judgment for $45 and costs in this action, when the complaint set up that the Burwell & Dunn Company are a mercantile corporation, duly chartered and incorporated under and according to the laws of the State of North Carolina, which fact was put in issue by the answer, and there being no evidence whatever to sustain said allegation, which under the pleadings was necessary to appear before plaintiff could have judgment.

"14. Because his Honor erred in holding that 'Ex. A' was a contract and could not have been countermanded.

"15. Because the Court erred in holding that there was

any consideration moving from Burwell & Dunn Co. to Chapman Bros., when 'Ex. A' was signed, to make same a contract."

*Messrs. C. J. Ramage* and *J. N. O. Gregory,* for appellants, cite : *Plaintiff could not object to bringing out fully on cross-examination any matter referred to by him in direct:* 57 S. C., 20; 53 S. C., 258. *As to rules of evidence in magistrate court:* Code, 88, sub. 15; 25 S. C., 322. *Failure to object to evidence when offered, waives objection:* 35 S. C., 609; 46 S. C., 424; 38 S. C., 272; 35 S. C., 467. *Latent ambiguity in instrument may be construed by witness:* 24 S. C., 128; 54 S. C., 582; 9 Wall, 50; 10 *Id.,* 367; 11 *Id.,* 566; 2 *Id.,* 728. *Error to hold writing to be contract:* 46 S. C., 223.

*Mr. Eugene W. Able, contra.*

March 25, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action in a magistrate's court to recover the amount due on certain merchandise alleged to have been sold and delivered to the defendants by the plaintiff in pursuance of the terms of a certain instrument in writing, a copy of which is set out in the "Case," signed by the defendants and one Flaun, as agent for the plaintiff company. The defendants filed their answer in writing, in which they set up the following defenses : 1st. A general denial. 2d. A denial of the corporate character of the plaintiffs. 3d. A denial of any legal contract for the sale of such merchandise. 4th. They set up an affirmative defense alleging that the instrument of writing above referred to was "an order and not a contract, and the same had been duly countermanded before its acceptance by the plaintiff, and that the said order was without consideration, and that if it should be found that there had

been any consideration, that same had failed." After the testimony on the part of the plaintiff was closed, the defendant moved for a nonsuit, "on the ground that the plaintiff had failed to prove the corporate existence of itself," which motion was refused by the magistrate. The defendants thereupon proceeded to introduce their testimony, and at its close, the magistrate rendered judgment in favor of the defendants upon the following grounds: "1st. That the instrument marked 'Ex. A,' or a part of it, was an order, and not a contract. 2d. That the countermanding of the order, as stated by Mr. Chapman, was not contradicted." From this judgment the plaintiff appealed to the Circuit Court, where the appeal was heard by his Honor, Judge Klugh, who overruled certain of the exceptions to the magistrate's judgment, but sustained others, and rendered judgment reversing the magistrate's judgment, and directing that the plaintiff have judgment for the amount claimed, with costs. From this judgment of the Circuit Court the defendants appealed to this Court upon the several exceptions set out in the record, which, excepting the ninth, abandoned at the hearing, should be included in the report of the case.

The first exception makes the point that the judgment of the Circuit Court is not dated. This exception must be overruled. In II. Enc. of Pl. & Prac., 956, it is said: "The omission of the date, however, is a mere irregularity, and will not render the judgment void"—citing amongst other authorities our own case of *Clark* v. *Melton*, 19 S. C., at page 509, where the late Mr. Justice McGowan uses this language, referring to an omission of the date of a judgment: "the omission here was a mere irregularity in a matter not vital to the judgment, but simply directory to the clerk, and may be corrected at any time." Indeed, it can scarcely be said that the date of Judge Klugh's order for judgment was omitted, for we find the following at the foot of the order: "August, 1900, term, Saluda, S. C.;" and the omission of the day of the month on which the order

was signed is supplied by appellant's admission in the notice of appeal, where he says the order was made "on the 21st day of August, 1900."

The second and third exceptions may be considered together, as they both make the same point, to wit: that there was no authority in law for opening the Court of Common Pleas at the August term of the Court for Saluda County; and, therefore, Judge Klugh had no jurisdiction to hear the appeal at that term. While it does not appear that any such point was raised or passed upon in the Court below, yet as it raises a question of jurisdiction, which it is well settled may be raised at any time, we suppose we are bound to consider it, although it was not pressed or even mentioned in the argument submitted by counsel for appellants. By the 6th section of the ordinance establishing the county of Saluda, it is declared that said county "shall form a part and parcel of the Fifth Judicial Circuit, and that the regular terms of the Courts of General Sessions and Common Pleas shall be held at such times as shall be fixed by law," and by title III. of the Code of Procedure, the State has by law been divided into eight Circuits, and the times for holding the regular terms of the Courts of General Sessions and Common Pleas have been therein prescribed, which have been altered from time to time by various amendments to that title of the Code, and that by the last amendment to that part of said title, so far as the Fifth Circuit is concerned, to wit: by the act of 1899, 23 Stat., 33, the times prescribed for holding the regular terms of the Court of Common Pleas for Saluda County are the "Wednesdays after the first Mondays in May and December." While, therefore, there is no provision for holding a *regular* term of the Court of Common Pleas for Saluda County in August, yet sec. 26 of the Code, embraced in title III., contains the following provision: "Whenever in this title provision is made for the Courts of General Sessions only, the Judge presiding shall at the conclusion of any such Court of General Sessions open the

Court of Common Pleas without juries, and give judgment by default on Calendar 3, hear and determine equity causes, and transact all other business of a regular term of a Court of Common Pleas, except trials by jury." Now, as the act of 1899 provides for Courts of General Sessions only in August, it follows necessarily from the provisions of sec. 26, above quoted, that Judge Klugh was not only authorized, but required, to open the Court of Common Pleas at the conclusion of the Court of General Sessions at the August term for 1900, for the transaction of all such business, except trials by jury, as could be disposed of by the Court of Common Pleas at any regular term. These exceptions must, therefore, be overruled.

The fourth, fifth, fourteenth and fifteenth exceptions may be considered together, as they all purport to raise questions as to the nature and effect of the instrument in writing marked "Ex. A," a copy of which is set out in the "Case," and should be included in the report of this case. Whether the terms of that paper constitute a contract or a mere order for the goods therein mentioned, as contended for by appellants, is not, in our judgment, a material inquiry in this case; for even if it be conceded that such paper was not in itself sufficient to constitute a contract, but was a mere order, we do not think it can be doubted that after it was shown, as the undisputed testimony does show, that the goods ordered in said paper were shipped to the defendants by the plaintiff at Chappels, S. C., the point designated in the paper, the contract was complete, and the defendants were bound to pay the price designated in the paper, unless the goods shipped did not come up to the representations made of them, and of this there is not the slightest evidence. On the contrary, the only one of the defendants who was examined as a witness testified that he never examined the goods after they were delivered at Chappels, and could not say they did not come up to the representations made. All of these exceptions must, therefore, be overruled.

The sixth exception presents the question whether it was competent for the counsel for defendants to ask the witness, Crawford, on the cross-examination, whether certain goods sold that witness by the plaintiff came up to the representations. This testimony was clearly incompetent, as *res inter alios acta,* and there was no error in the ruling made by the Circuit Judge. The witness, Crawford, was put upon the stand by the plaintiff solely for the purpose of showing that Flaun, who had acted for the plaintiff company in the transaction with the defendants, had a right to represent the company, and the witness, Crawford, was not asked any question by the plaintiff· as to any other matter. The cases, therefore, cited by counsel for appellants, showing that where one party brings out incompetent testimony upon a given subject he cannot object to his adversary bringing out other incompetent testimony upon the same subject, do not apply. Besides, inasmuch as there was not the slightest testimony tending to show that the goods which the plaintiff claimed to have sold to the defendants did not come up to the representations made, or were in any way defective, one of the defendants having testified that the goods were never examined, surely any testimony tending to show that plaintiff had sold goods to Crawford or any other third person, which failed to come up to the representations, would be wholly irrelevant, and even if there was error, it would be entirely harmless. The sixth exception is overruled.

The seventh and tenth exceptions, relating as they do to the same subject, may be considered together. These exceptions relate solely to the affirmative defense set up by defendants in their answer, that the instrument in writing above referred to as "Ex. A," was an order and not a contract, and the same had been countermanded before its acceptance by the plaintiff, and the precise practical question presented by these exceptions is, whether there was any competent testimony tending to show that the order, if the paper is so regarded, was ever countermanded.

The only testimony offered by the defendants upon this subject was that of W. L. Chapman, one of the defendants, when it appeared in the course of his testimony that he claimed to have countermanded the order *by a letter* to the plaintiff; counsel for plaintiff moved to strike out all of his testimony as to the alleged countermand, which motion was refused by the magistrate, and the Circuit Judge sustained the exceptions to this action of the magistrate. We agree with the Circuit Judge, for the following reasons: 1st. The defendant by his parol testimony was attempting to contradict the terms of a written instrument signed by both parties, for that instrument contains this express stipulation: "This order is not subject to be countermanded by us." 2d. If any evidence of any kind was admissible to show that the order had been countermanded, as soon as it appeared that such countermand was contained in a letter written by the defendants to the plaintiff, the best evidence that the order was countermanded was to be found in such letter, and no parol evidence to prove its contents was admissible until it was shown that the plaintiff had been notified to produce such letter; and upon the failure to do so defendants would offer in evidence either a copy of the letter or parol evidence of its contents (if there was no copy), and no such showing was made or attempted in this case. 3d. There was no testimony that plaintiff ever received any such letter at all, and certainly no testimony that the plaintiff ever received any notice that the order was countermanded before the goods were shipped to Chappels, the point designated for that purpose. The paper designated as "Ex. A" was executed on the 21st of April, 1899, and the testimony of the depot agent at Chappels shows that the goods were delivered at that station on the 28th April, 1899. Exceptions seven and ten must be overruled.

The eighth exception raises the question as to the competency of that portion of the testimony of Chapman, one of the defendants, in which he was allowed to construe the writ-

ten instrument, "Ex. A," by saying that he did not consider it a contract but only an order. This testimony is clearly incompetent, under the well settled rule which has been announced in the recent case of *Coates* v. *Early,* 46 S. C., 220. This exception must, likewise, be overruled.

Exception nine having been abandoned at the hearing, need not be further noticed.

Exception eleven, under the well settled rule, is too general to be considered by this Court.

Exceptions twelve and thirteen may be considered together, as they both make the same point practically—that is, that the corporate existence of the plaintiff having been put in issue by the proceedings, and there being no evidence to prove that the plaintiff was a corporation, there was error in giving judgment for the plaintiff. We are unable to perceive how this question can be raised under this appeal. The "Case" shows that when the plaintiff closed its testimony before the magistrate, the defendants moved for a nonsuit, basing their motion solely on the ground "that the plaintiff had failed to prove the corporate existence of itself." That motion was refused, and there was the end of the matter, unless this adjudication of the magistrate had been overruled, and this does not appear in the "Case." Indeed, we must assume that this question was never presented to, or considered by, or passed upon by the Circuit Judge, for we do not perceive how the question could have got before him properly. It was certainly not raised by any of plaintiff's exceptions for the purpose of the appeal from the judgment of the magistrate, and it does not appear that the defendant asked the Circuit Judge to sustain the judgment of the magistrate upon the ground that the plaintiff ought to have been nonsuited. The Circuit Judge in his judgment makes no allusion to any such point. It is true, that when the magistrate refused the motion for a nonsuit, an exception to such ruling was noted by defendants'

attorneys, but it is quite common for counsel in the progress of a case to ask that certain exceptions be noted, but do not afterwards make such exceptions the basis of any point which is raised by a subsequent appeal. These two exceptions must, likewise, be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.