## GENERAL ELECTRIC CO. v. SOUTHERN RY.

1. BILL OF LADING—FREIGHT.—A COMMON CARRIER has no right to deliver freight shipped "to order notify" upon payment by party to be notified of amount of draft attached to bill of lading without surrender or presentation to carrier of bill of lading, as carrier was not concerned about the contract of sale, but could only deliver the

freight on production of the bill of lading properly indorsed to indorsee, and upon delivery otherwise is liable to shipper for full value of goods.

2. AGENCY cannot be shown by the declarations of the agent alone.

Before PURDY, J., Richland, December, 1904.    Affirmed.

Action by General Electric Company against Southern Railway.    From judgment for plaintiff, defendant appeals.

*Messrs. E. M. Thomson* and *R. H. Welch,* for appellant, cite.    *If original contract is carried out in delivery of goods, no harm is done plaintiff:* 8 A. & E. R. R. Cas., N. S. 380; 36 S. W., 396; 13 Cyc., 170, note 67.

*Messrs. Barron & Ray,* contra, cite: *Defendant is liable for goods:* 25 S. C., 226; 3 Wood's Law, 1594; 8 Phil., 19; 29 Wis., 611.

July 28, 1905.    The opinion of the Court was delivered by
MR. CHIEF JUSTICE POPE.    This is an action by the plaintiff, a corporation under the laws of the State of New York, against the defendant, a corporation under the laws of Virginia, but domesticated in South Carolina, for the recovery of the sum of $230.57.    The contest grew. out of a motor of the value of $230.57, transported from Schenectady, N. Y., to Columbia, S. C.    The bill of lading was to the order of the General Electric Company, notify Cotton States Electric and Machine Co.    This bill of lading, together with a draft attached thereto, was drawn by the General Electric Co. upon the Cotton States Electric and Machine Co.—the draft was for $77.23, and was received at the Carolina National Bank at Columbia, S. C., for collection, June 29th, 1903, and was held by said bank until July 13th, 1903, when it and the bill of lading to which it was attached was returned by said bank to the General Electric Co.—the plaintiff here.

On the 29th of September, 1903, the plaintiff, through

its attorneys, Barron & Ray, presenting the bill of lading
to the defendant, demanded the motor in question; but the
defendant stated that it could not comply with such demand,
because it had already delivered such property to the Cotton
States Electric Machine Co. without the delivery or presen-
tation of the bill of lading—the latter promising afterwards
to deliver said bill of lading, which promise was never ful-
filled.   The defendant also tendered the sum of $77.23 to
the plaintiff, which it claimed should be a full settlement
betwixt them, but the plaintiff declined to receive it.   The
plaintiff thereupon brought this action, which came on for
trial before Judge Purdy and a jury.

The plaintiff denied the defendant's right to introduce the
contract between the plaintiff and the Cotton States Electric
and Machine Co. in regard to this motor.   Upon objection,
the Judge refused to admit such contract in the testimony.
The defendant also sought to introduce a declaration of one
Laxton, as the agent of said plaintiff, the only evidence of
such agency being the alleged agent's declaration.   The
Judge refused to admit such declaration of the alleged
agent—there being no other testimony as to such agency but
his own statement.   There was also some controversy at
the trial of the following part of the defendant's answer:
"That on that day (meaning the 13th of July, 1903), the
Cotton States Electric Machine Co. called on this defendant's
agent and deposited the amount of said draft with this de-
fendant, and received said machinery.   That said machinery
was shipped to said Cotton States Electric Machine Co. on a
conditional sale, and said plaintiff intended that it should be
delivered on the payment of the amount of said draft, and
such delivery has caused no loss or damage to them, as their
rights to the property are still good under the said condi-
tional sale.   That the only adjustment and payment of the
claim presented by the plaintiff which defendant is required
to make is to pay over to the plaintiff the said sum of $77.23,
which defendant then and there offered to do, which offer
plaintiff refused."

After the charge of the Judge to the jury, it found a verdict in favor of the plaintiff for $230.50, and after entry thereon an appeal has been taken to this Court.

The first ground of appeal relates to the striking from defendant's answer that clause which set up, that on the 13th of July, 1903, the Cotton States Electric and Machine Co. called on the defendant, depositing $77.23, and received said machinery. All this is fully set forth in the extract we have already made.

The machinery when received by the defendant, and it well knowing that the same was subject to the bill of lading in the plaintiff's hands, could not be delivered with safety by the defendant to the Cotton States Electric and Machine Co. The character impressed by law is distinct and unvarying. Any effort to surrender a shipment at variance with the bill of lading is at the peril of the defendant. He must be prepared to pay the full value of the shipment or take upon himself the burden of proving himself justified in so doing. A case in our own books, to wit: *Bank* v. *Railway Co.*, 25 S. C., 216, abundantly illustrates the character and legal effect of a bill of lading drawn to order. At page 222 of that case, Mr. Justice McIver said: "That such a bill of lading, though not negotiable, in the fullest sense of that term like a bill of exchange, or to speak more accurately, although its negotiability is not attended with *all* of the consequences resulting from the negotiability of a bill of exchange, yet that it is negotiable in so far that by endorsement the right to the possession of the goods mentioned in it passes, is well settled by repeated adjudications of courts of the highest authority and is generally, if not universally, conceded by the elementary writers. *Conard* v. *Atlantic Insurance Company,* 1 Peters, 386; *The Thames,* 14 Wall., 98; *Dows* v. *National Exchange Bank,* 91 U. S., 618; *Shaw* v. *Railroad Company,* 101 *Id.,* 557; and *Heiskell* v. *Farmers & Mechanics National Bank,* 89 Penn. St., 155; s. c., 33 Am. Rep., 745; *McCants* v. *Wells,* 4 S. C., 381."

Under these circumstances, it was the duty of the defend-

ant to await the production of the bill of lading and let the endorsement thereon govern the delivery of the shipment. When it is remembered that the defendant received in cash only one-third of the value of the shipment, with no provision for the two-thirds credit portion, it will be very apparent why the case of *Witt et al.* v. *The East Tennessee and W. N. C. R. Co. et al.*, 8 A. & E. R. R. Cases, N.S., 380, is not applicable to this case, for there the money was fully paid, while here two-thirds of the value of the shipment was unpaid and unprovided for.

We think the Circuit Judge made no mistake, and this first exception is, therefore, overruled.

Second. We do not think the Circuit Judge erred in ruling that the contract made by and between the General Electric Co. and the Cotton States Electric and Machine Co. was irrelevant. When the latter refused to accept the papers transmitted to the Carolina National Bank, and those papers were returned by said bank to the plaintiff, there was an end to the purchaser's rights under the contract, and any proof of what those business relations were or might have been, had no connection with the plaintiff and defendant. The defendant was already advertised that the plaintiff retained full control over such shipment through the bill of lading to plaintiff's order. This ground of appeal is overruled.

As to the third ground of appeal, relating as it does to the competency of the witness, Mr. Beck's statement, that one Laxton was plaintiff's agent by Laxton's declaration alone, we see no error committed by the Circuit Judge. It is well known law that a witness cannot establish his representative capacity by his own declaration alone, and as this is all the defendant offers here, it must fail. The third exception is overruled.

Fourth ground of appeal. It is claimed the Court erred in charging the jury as follows: " 'If you find that motor or property in question was shipped under this bill of lading, then the Southern Railway, if the Southern Railway

received it, under that bill of lading, had no right, except upon the surrender of the bill of lading duly endorsed, to deliver the property, unless ordered by the plaintiff. The Southern Railway, defendant, if it connected itself with that bill of lading by receiving, agreeing to transport that property under it, or by receiving and transporting it under it, couldn't dispose of the property except on the order of the plaintiff in this case; and if it didn't have such order, and took the property and disposed ot it, or failed to deliver it on the order, the company would make itself liable for its value;' because, under the facts of this case, the defendant was not liable for the amount of the first instalment due for said motor, according to the terms of said contract, and as represented by the amount of the draft attached to the bill of lading; and because the defendant, under the facts of the case and the intention of the parties, did have the right to deliver the motor upon payment of the first instalment, $77.23, as provided in said contract, without the production of the bill of lading." Under the cases already cited herein, the defendant, if liable at all, is liable for the full value of the shipment, and as the property shipped was proved to be worth $230, the charge of the Judge was right. This ground of appeal is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.