8008

### THE SENECA CO. v. CRENSHAW.

1. CONTRACT—ISSUE.—Where a contract for sale of goods is made in one corporate name and sued in another, and the original charter and amendment showing the name has been changed are in evidence, it is proper to refuse to send this issue to the jury.

2. IBID.—Where a contract for sale of goods provides that the order shall not be subject to countermand, a reshipment by purchaser would not affect the obligations of the contract, in absence of evidence showing acceptance or agreement to accept by seller.

3. PRINCIPAL AND AGENT.—THE DECLARATIONS of one claiming to be the agent of the seller that the goods had been taken back and put in stock, is not binding on the principal.

4. DEPOSITIONS.—Where there is evidence showing a complete case of sale and delivery, an alleged irregularity in a deposition of the plaintiff relating to the contract is immaterial.

Before ERNEST MOORE, Special Judge, Lancaster. Affirmed.

Action by the Seneca Company against E. L. Crenshaw. Defendant appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Absence of seal from deposition envelope vitiates it:* 72 S. C. 222; 39 S. C. 410. *Issue of return of goods and acceptance by seller is for jury:* 81 S. C. 347; 65 S. C. 139; 70 S. C. 380; 52 S. C. 197. *Pleadings are competent to form admissions:* Elliott on Ev., sec. 237; Green. on Ev., sec. 178; 30 S. C. 565; 85 Am. Dec. 559; 29 L. ed. U. S. 393. *Admissions of agent binds the principal when made within the scope of the agency:* 82 S. C. 467; 79 S. C. 288, 447.

*Mr. R. B. Allison,* contra, cites: *Seal on deposition envelope not necessary:* 60 S. C. 201. *Agency cannot be shown by declaration of agent:* 44 S. C. 91; 39 S. C. 535; 17 S. C. 139.

o

September 6, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action on a written contract for the sale of goods the presiding Judge directed a verdict in favor of the plaintiff, the seller, for thirty-six dollars and interest thereon.

The exception assigning error in not submitting to the jury as an issue of fact the question whether the debt was due to the Seneca Chemical & Stock Food Company. and not the plaintiff, the Seneca Company, is without merit.  The contract was made and the goods sold under the former corporate name, but the charter and its amendment were introduced showing that the corporate name had been changed to that in which the action was brought.

The contract provided that the order for the goods should not be subject to countermand, and therefore reshipment of the goods by the defendant to the plaintiff would not affect the obligation of the contract, as there was no proof that the plaintiff had accepted or agreed to accept the goods.  The testimony offered by the defendant that a man claiming to be the agent of the plaintiff had told him that the goods had been accepted by the plaintiff and put back in stock, was properly excluded by the Court, for there was no evidence whatever that the person named was an agent of the plaintiff.  Agency cannot be proved by the mere declaration of the person claiming to be agent.  *General Electric Co.* v. *Southern Ry.,* 72 S. C. 251, 51 S. E. 695.

The position taken that the deposition of E. C. Stacy, the vice president and manager of the plaintiff corporation, should have been excluded, even, if sustained, would not be material.  The contract of sale was in writing and its execution admitted by the defendant, the bill of lading was introduced showing shipment of the goods to the defendant, and there was in evidence a letter

of defendant in which he wrote: "I am today shipping your goods back as I cannot handle them." This documentary evidence made out a complete case of sale and delivery of goods to the defendant at a specified price. As there was no evidence of any defense, the presiding Judge was required by the law to direct a verdict for the plaintiff. It is therefore evident that consideration of the alleged irregularity in the deposition would be of no practical consequence.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.