10808

J. B. COLT COMPANY v. FOX

(110 S. E. 401)

SALES—SELLER'S DELIVERY TO CARRIER HELD DELIVERY TO BUYER.—
Where a contract required seller to "furnish the following generator and appliance f. o. b. factory to the undersigned" (buyer), seller's delivery of the goods to carrier constitutes a delivery to buyer.

Before MAULDIN, J., Aiken, June, 1921. Reversed.

Action by J. B. Colt Co. against Charlie Fox. Directed verdict for defendant and plaintiff appeals.

The contract referred to was as follows:

May 8, 1918.

J. B. Colt Company (hereinafter referred to as the company) 42d St. Building, New York: Please furnish the following generator and appliances f. o. b. factory to the undersigned (hereinafter referred to as the purchaser).

Ship via Frt. to Charlie Fox at Monetta, S. C.

| | | |
|---|---:|---:|
| 1 Pilot Generator Model C Carbide Capacity 50 Pounds | 167 | 50 |
| Fixtures, burners, globes and supplies, as listed on reverse side | 36 | 90 |
| Stoves, 1 No. 33 free | | |
| | | |
| | | |
| Total | 204 | 40 |

For which I agree to pay two hundred four
                we
and 40/100 dollars

Terms: Cash one year from date of shipment. In case date of payment is extended beyond sixty days from date

of shipment, the purchaser agrees to execute and deliver to the company at its request, notes for the amounts aforesaid, payable one year from date of shipment, with interest from maturity at 6%.

Warranty: It is agreed that in accepting his order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters.

In case of default in any of the above payments, or in case of the failure or refusal of the purchaser to execute and deliver to company, upon its request, the said notes, then, in either case, the deferred payments remaining unpaid shall at once become and be due and payable.

This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of said company; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers.

Payment shall be made by check, draft, or promissory note drawn to the order of the company.

Unless otherwise directed in writing by an officer of the company, the purchaser may deliver any such payments to a representative of the company, duly authorized in writing to receive such payments. Any payments not made as

above provided shall not, unless actually received by the company, be binding upon it.

Charlie Fox, Purchaser, .<br>
Earle, S. C., Rte. No. 1.

Accepted at New York, N. Y., May 13, '18.

J. B. Colt Company,<br>
By H. F. REISS, M.

Printed on Reverse Copy:

Fixtures, Globes and Supplies.

| Name of Room | Quantity | Catalogue Number | Number of Lights per Fixt | Finish | Height of Ceiling | Price | |
|---|---|---|---|---|---|---|---|
| Parlor | 1 | 662a | 2 | OB | 10-6 | 9 | 00 |
| Hall | 1 | 246 | 1 | | 10-6 | 2 | 75 |
| Bed | 2 | 246 | 1 | | 10-6 | 5 | 50 |
| Dining | 1 | 622a | 2 | OB | 10-6 | 9 | 00 |
| F. Porch | 1 | 200 | 1 | | | 3 | 75 |
| R. Porch | 1 | 200 | 1 | | | 3 | 75 |
| Ex. length | | | | | | 3 | 15 |
| Shades and holders for fixture No. 246 | 3 | | | | | 36 | 90 |
| | | | | | | | |

*Messrs. Barron, McKay, Frierson & McCants* and *C. B. Elliott,* for appellant, cite: *Contract stipulated that it was the only agreement between the parties and testimony to that effect should have been admitted*: 115 S. C., 426, 106 S. E., 157. *Delivery to carrier for shipment to purchaser was full compliance by plaintiff with its contract*: Id. *and was delivery to consignee*: Id.; 59 S. C., 581; 46 S. C., 220; 108 N. C., 288. *Fact that bill of lading was not sent to vendee does not affect right of vendor to recover*: 78 N. C

319; 100 Mass., 306. *Not necessary to produce bill of lading to get goods if carrier is satisfied that he is proper party*: 1 Hutchinson Carriers (3rd Ed.), Sec. 181, p. 196; 121 Iowa, 502, 96 N. W., 959.

*Messrs. Hendersons,* for respondent, cite: *Where bill of lading is not delivered to consignee it is not evidence of ownership in him*: 4 N. E., 497, 55 Am. Dec., 290

. January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action by the plaintiff against the defendant for the purchase price of an acetylene lighting outfit and fixtures, sold by the plaintiff to the defendant. The order was in writing, signed by the defendant and accepted by the plaintiff.

The contract in part reads:

"Please furnish the following generator and appliances f. o. b. factory to the undersigned."

The generator arrived; the appliances did not. The defendant refused to accept the generator without the appliances.

It is undisputed that the generator and appliances were delivered to the common carrier. The shipment was an open shipment. The bill of lading was not forwarded until after this suit had been commenced. The plaintiff wrote to the defendant to return the goods, but the defendant said he did not have them, and seems to have made no effort to return what he had, as a matter of law if not of fact. The shipment was an open shipment, and a part of the goods were at Monetta, S. C., the defendant's freight station.

This is a stronger case for the plaintiff than *Oxweld Acetylene Co. v. Davis,* 115 S. C., where we read at page 431 (106 S. E., 157):

"It is not disputed that the plaintiff, in compliance with the terms of the written contract, delivered the outfit to a common carrier at Chicago for transportation to the defendant at Laurens, S. C., on April 3, 1918; that it was duly transported and arrived at destination on April 22d; that the defendant received timely notice of its arrival and refused to take it out of the depot. If this delivery was according to the terms of the contract between the seller and the buyer, the delivery to the carrier was a delivery to the buyer."

Both plaintiff and defendant moved for the direction of a verdict in their favor. A verdict was directed for the defendant. The authority above quoted shows that the verdict should have been directed for the plaintiff, and it was error to direct a verdict for the defendant.

The judgment appealed from is reversed.

MR. JUSTICE WATTS did not participate on account of sickness.