10825

J. B. COLT COMPANY v. HALLMAN

(110 S. E. 462)

1. SALES—SELLER MAY SHIP WITHIN REASONABLE TIME WHEN CONTRACT SILENT.—Where a contract of sale was silent as to time within which shipment of the goods was to be made, the seller had a reasonable time within which to ship.

2 EVIDENCE—PAROL CONTRACT FOR IMMEDIATE SHIPMENT NOT ADMISSIBLE WHEN WRITTEN CONTRACT SILENT.—Under a contract of sale silent as to the time of shipment, and therefore entitling the seller to a reasonable time, parol testimony inconsistent with this right is not admissible to prove a contract for immediate shipment.

3. SALES—DEFENDANT ALLEGING CONTRACT FOR IMMEDIATE SHIPMENT COULD NOT RELY ON CONTRACT TO SHIP WITHIN REASONABLE TIME.—Where a buyer when sued for the price pleaded as a defense a contract for immediate shipment and failure to comply therewith, he could not shift his ground and rely on a contract to ship within a reasonable time.

4. SALES—SHIPMENT HELD MADE WITHIN A REASONABLE TIME.—Where a contract for the sale of an acetylene lighting outfit was made on September 24th, the goods shipped on October 3rd, and arrived at destination November 6th, the shipment was made within a reasonable time, especially in view of the war conditions then prevailing, and also in view of the buyer's failure to make any objection to the time of shipment.

5. EVIDENCE—JUDICIAL NOTICE TAKEN OF WAR CONDITIONS.—The Court takes judicial notice of the war conditions prevailing in September, October, and November, 1918.

6. SALES—WHERE BUYER DID NOT PLEAD UNREASONABLE DELAY, IT COULD NOT AVAIL HIM THAT SELLER USED PART OF THE GOODS.—In a seller's action for the price of an acetylene lighting outfit which the buyer refused to accept from the carrier, where the buyer did not plead unreasonable delay in delivery, it could not avail him that after his refusal to accept the seller used part of the oufit under an engagement to replace it, which was later done.

Before MAUDIN, J., Aiken, 1921.   Reversed.

Action by J. B. Colt Co. against E. C. Hallman.   Verdict for defendant and plaintiff appeals.

*Messrs. Barron, McKay, Frierson & McCants* and *C. B. Elliott,* for appellant, cite: *Delivery to carrier, according to terms of contract, is delivery to buyer*: 24 R. C. L., 40, 45; 46 S. C., 220; 59 S. C., 581; 115 S. C., 426. *Plain contract between strangers and they are bound*: 69 S. C., 100; 69 S. C., 90; 105 S. C., 520; 102 S. C., 139. *Eviednce as to other transactions inadmissible*: 59 S. C., 581; 35 N. W., 615; 22 N. W., 963; 77 Conn., 124. *Express warranty excluded implied warranty*: 112 S. C., 422; 116 S. C., 432, 12 R. C. L., 301, 355; 49 S. E., 271.

*Mr. John F. Williams,* for respondent, cites: *Testimony admissible to show meaning of terms "reasonable time" in the contract*: 108 S. C., 115; 6 R. C. L., 896. *Goods were not shipped according to contract and question was for the jury*: 23 R. C. L., 1426; 12 Am. St. Rep., 831; 61 Am. St. Rep., 317; 115 U. S., 366.

January 26, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for the purchase price of an acetylene lighting outfit under a written contract of sale dated September 24, 1918. The contract specified no particular time within which the shipment was to be made. It was delivered to the carrier for transportation on October 23d, and arrived at destination on November 6, 1918. A part of the outfit was removed by the agents of the plaintiff and replaced by a shipment later directly to the defendant. The defendant refused to take the shipment out of the depot for the reason that some of the parts were missing and refused to accept these parts when they were afterwards shipped to him by parcel post. The outfit was sold by the carrier as unclaimed or refused freight.

The defense was:

(1) That the contract called for immediate shipment, and was not complied with in this respect.

(2) That the entire outfit was not shipped at once, and the contract not complied with in this respect.

(3) That there was a conspiracy between the plaintiff and its agents to foist improper and unsuitable appliances upon the public. This defense was formally withdrawn upon the trial.

(4) Breach of warranty in the material and workmanship of the articles. There was no testimony to sustain this defense, and it disappears.

The plaintiff moved for a directed verdict, and in the determination of the question of error in refusing it we may consider only the first two defenses named above, as the third was withdrawn, and there is no evidence tending to sustain the fourth.

As to the first defense: The contract is silent as to the time within which the shipment was to be made, which gave the seller the right to ship within a reasonable time, and parol testimony inconsistent with this right to prove a contract for immediate shipment was improperly received. *Oxweld Co. v. Davis,* 115 S. C., 426; 106 S. E., 157. The defendant, having declared upon a contract for immediate shipment, should not be allowed to shift his ground and rely upon a contract to ship within a reasonable time. Even if he should be allowed to do so, the evidence shows that the contract was signed on September 24th, the goods shipped on October 23d, and they arrived on November 6th. In the absence of any evidence to show some special circumstances which would lead to the conclusion that this was an unreasonable delay, the Court should hold that the shipment was made within a reasonable time, particularly in view of the war conditions which prevailed at that time of which the Court takes judicial notice. It is pertinent also to observe that the defendant made no objection to the time of shipment, but, apparently anxious to withdraw from his undertaking,

seized upon the fact that all of the parts were not on hand at the depot when he went there, not with any declared purpose of taking them out if they had been.

As to the second defense: There is evidence tending to show that after the shipment had remained in the depot some time, uncalled for by the defendant, long enough for the depot agent to have received two communications from the plaintiff concerning the non-delivery, a bundle of pipes belonging to the shipment was used by the agents of the plaintiff in supplying a shortage in another shipment, under an engagement to replace it, which was later done. If this could be considered the cause of unreasonable delay, which is doubtful in the absence of any purpose or attempt of the defendant to accept the shipment if complete and of his own long delay, it goes to the defense which might have been interposed, but was not, of unreasonable delay in delivery, and cannot in this action avail the defendant.

The judgment of this Court is that the judgment below is reversed, and the cause remanded to the Circuit Court, with instructions to direct a verdict for the plaintiff under rule 27 (90 S. E., xii).