Eckert v. Schoch, Appellant.

*Contract—Sale—Evidence.*

Defendant wrote to plaintiff as follows: "If you can pay 83¼ c. on
track here for prime Pa. wheat will send you sample."   On the following
day plaintiff replied by telegram: " Ship quick five cars prime red wheat
to Stemton as trial lot."   On the same day plaintiff confirmed the purchase
of five cars by letter.   Defendant replied on the same day: "I send you
sample of wheat.   I will send you one car soon, and if satisfactory will
ship more.   I ship this car at price named."   Eight days afterwards, de-
fendant wrote as follows: "I ship one car wheat to Stemton this day.
Will ship one more on Monday."   No other wheat was shipped by de-

fendant. *Held,* that there was a valid contract binding upon defendant to deliver five car loads of wheat.

*Pleading—Declaration—Demurrer—Trial on merits.*

When the plaintiff's statement is deemed insufficient it should be demurred to. A trial on the merits cures the defects.

Argued May 10, 1893. Appeal, No. 17, July T., 1893, by defendant, George J. Schoch, from judgment of C. P. Snyder Co., Feb. T., 1891, No. 54, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for loss for nondelivery of wheat.

At the trial, before McCLURE, P. J., it appeared that, in 1890, George W. Eckert, residing and doing business in Allentown, Pa., and George J. Schoch, defendant below, residing and doing business at Selin's Grove, Pa., were each engaged in the business of buying and selling grain. On April 10, 1890, Schoch sent Eckert a postal card as follows : " What can you pay for good Pa. wheat on track here. If you can pay 83½ on track here for prime Pa. wheat will send you sample. Please let me hear by return mail."

This was received by Eckert on the morning of April 11, 1890 ; to which he replied by dispatch at 10 A. M. as follows : " If stock good think can place five cars price named. Send sample quick."

Also, by letter on same day as follows : " On receipt of your postal I wired you that if stock good I thought I could use five cars of wheat at price quoted (83½). Send sample quick. Demand for wheat is good and I think I can do some trading with you. The freight, I suppose, is about 13c."

Also, by second dispatch sent same day at 2 P. M. as follows : " Ship quick five cars prime red wheat to Stemton as trial lot."

Also, by second letter same day as follows : " I confirm purchase of 5 cars prime Penna. wheat at 83½ c. track Selin's Grove. Bill all to Stemton, and get as low rates as possible. Get them off at once. This is to be a sample lot, and if satisfactory I hope to handle considerable of your wheat. Send me an average sample at once."

To these two dispatches and two letters Schoch replied same day by postal, as follows : " I send you sample of wheat. I will ship you one car soon and if satisfactory will ship more. I ship this car at price named."

This card and sample of wheat reached Eckert on the morning of April 12th, and he immediately wrote Schoch as follows: " Sample of wheat received and is satisfactory. The party to whom I sold the five cars ordered yesterday is in a hurry for them, so please rush them all through."

Schoch made no reply to this letter, and sent no wheat. On April 17th, Eckert again wrote Schoch, as follows : " My Stemton party is very much in need of the 5 cars wheat ordered from you. Please get them off at once.

Eckert again wrote Schoch April 19, 1890, as follows: " I have nothing from you about the 5 cars wheat ordered to Stemton. As previously stated, the party to whom I sold them needs them badly, and I trust you will get them off at once. Let me hear from you."

Same day Schoch wrote Eckert as follows : " I ship one car wheat to Stemton this day containing 444 bus. Will ship one more on Monday."

This car was duly shipped, but Schoch failed to ship the car " on Monday," and shipped none after this.

On April 25, 1890, Eckert wrote Schoch as follows : " You have shipped me only one car wheat. You said you would ship another last Monday, but I have not yet heard anything of it. My order is for five cars and of course I expect you to ship them. Hurry them forward."

Schoch made no reply and paid no attention to subsequent requests until May 20th, when he denied that there was a contract.

The court directed a verdict for plaintiff, reserving the question whether under the evidence (1) a contract was proved, and (2) whether such readiness and willingness to receive and pay for the wheat had been averred and proved as to entitle plaintiff to recover. Subsequently the court entered judgment on the verdict in the following opinion, by McCLURE, P. J. :

" It is contended by counsel for plaintiff that Schoch's letter was an offer to sell wheat at 83½ c., subject to approval of sample ; and that the letters and telegrams of Eckert were an acceptance of Schoch's offer to the extent of five cars, waiving an inspection of the sample. I do not consider Schoch's letter as an offer to sell Eckert any quantity of wheat he might see fit to order at 83½ c., but simply a notice to Eckert that he was in

condition to supply wheat at price named, and a request to deal with him.  The order of Eckert for the wheat was not an acceptance of any offer made by Schoch to sell.  It was a mere order for goods which Schoch might accept or refuse at his pleasure, and without more there was no contract between them: Moulton v. Kershaw, 59 Wis. 316; s. c., 48 Am. R. 516; Beaupre v. Pacific & Atl. Tel. Co., 21 Minn. 155; Smith v. Gowdy, 90 Mass. 566.

" Schoch, however, answered April 11th, ' I send you sample of wheat.  I will ship one car soon and if satisfactory will ship more.  I ship this car at price named.'  Eckert replied, April 12th: ' Sample of wheat received and is satisfactory.  The party to whom I sold the five cars ordered yesterday is in a hurry for them, so please rush them all through ;' and April 17th, ' My Stemton party is very much in need of the five cars of wheat ordered from you.  Please get them off at once.'  Again, April 19th, ' I have nothing from you about the five cars of wheat,' etc.  Same day, Schoch to Eckert: ' I ship one car wheat to Stemton on this day, contents 444 bus.  Will ship one more on Monday.'  The subsequent correspondence consists of demands by Eckert for the four cars not shipped—the denial by Schoch, May 20th, that he had contracted to deliver five cars, etc.

" [In my judgment this correspondence and Schoch's conduct in shipping the one car to Stemton and receiving the pay therefor at the price named shows an acceptance by him of Eckert's order for five cars.  He received an order for five cars, no other order whatever; and after the sample had been approved he writes, ' I ship you one car wheat to Stemton on this day. . . . Will ship one more on Monday.'  Eckert in all his letters named five cars as the amount ordered.  Schoch did not object to it, did not complain that it was too large, but started to fill the order, shipped one car on account thereof and billed it to Stemton, the place he was directed to by Eckert, and said, ' I will ship one more on Monday.'  If Schoch did not ship the one car and promise to ship another on Monday following on Eckert's five car order, we are a' loss to know by what authority he billed any wheat to Stemton at 83½ c. per bushel and charged Eckert therefor.]  [4]

" Counsel for plaintiff contend that, as this is an action in

disaffirmance of the contract, it was not necessary to aver or prove readiness or willingness to accept the wheat. The minor premise of this proposition is faulty. 'Rescission or avoidance, properly so called, annihilates the contract and puts the parties in the same position as if it had never existed:' Justice CLARK in Am. Life Ins. Co. v. McAden, 109 Pa. 405. See also Smethurst v. Woolston, 5 W. & S. 109.

" Had Eckert rescinded the contract and proceeded in disaffirmance thereof, he would have brought an action for money had and received, to recover the amount paid by him to Schoch for the first car of wheat. This action is in affirmance of the contract. Eckert declares upon it, seeks damages for its breach, offered evidence to show and contended at the trial that the measure of damages was the difference between the contract price and the market price of wheat.

" [At common law it would have been necessary for Eckert to have both averred and proven his readiness and willingness to perform his part of the contract to enable him to recover.

" Since the act of 1887 it is no longer necessary to aver performance of precedent conditions : See Boyd v. Gordon, 6 S. & R. 53. But with or without the act the omission was demurrable.

" There is sufficient statement of the cause of action in the declaration to sustain a judgment. All technical defects, if there were any, were cured by the verdict. After plea and trial on the merits, it is too late to except to the declaration where it is not shown to have injuriously affected the defendant: Chapin v. Cambria Iron Co., 145 Pa. 478 ; Erie City Iron Works v. Barber, 118 Pa. 19 ; East Union Twp. v. Comrey, 100 Pa. 367.

" The evidence at the trial shows Eckert's readiness and willingness to receive and pay for the wheat according to the terms of the contract. He did pay for the one car shipped, demanded by letter and telegram, time and again, a compliance by Schoch, and requested that bills for the wheat be sent him by the 15th of May, etc.

" From Eckert's demands an offer to perform his part of the contract is implied and understood, and Schoch's refusal dispensed with any other offer: Tinney v. Ashley, 15 Pick. 546.] [4]

" It is suggested by counsel for plaintiff and defendant that the facts upon which the questions of law arose should have been placed upon the record at the trial. I concede this, but no harm will come to either party by its omission. A verdict was directed for the plaintiff, the defendant has his exception to the charge, and if I was wrong he can have it corrected.

" February 27, 1893, upon payment of the jury fee judgment is directed to be entered on the verdict."

*Errors assigned* were, among others, (3, 4) refusing to affirm points reserved, quoting points, answers and portions of opinion in brackets; (10-30) receiving in evidence the correspondence set out above, quoting it, with bills of exceptions; (31) entry of judgment on verdict.

*Andrew A. Leiser,* for appellant, cited : 2 Bl. Com. 442; Mc-Nulty v. Prentice, 25 Barb. 204; Pollock, Contracts, 4th ed. 2; Williamson v. Berry, 8 How. 544 ; Mackaness v. Long, 85 Pa. 158 ; Mason v. Thompson, 18 Pick. 305 ; State v. O'Neil, 1 New Eng. R. 775; 1 Addison, Contracts, 2 Am. ed. 15 ; Anson, Contracts, § 1 ; Hare, Contracts, 366 ; Martin v. North-western Fuel Co., 22 Fed. R. 596 ; 3 A. & E. Enc. L. 846 ; Potts v. Whitehead, 23 N. J. Eq. 512 ; Snow v. Miles, 3 Cliff. 608 ; Head v. Prov. Ins. Co., 2 Cranch, 127 ; Carr v. Duval, 14 Peters, 77 ; Ocean Ins. Co. v. Carrington, 3 Conn. 357 ; Myers v. Keystone Ins. Co., 27 Pa. 268 ; Eliason v. Henshaw, 4 Wheat. 225 ; Strange v. Crowley, 7 West. R. 102 ; Hutchinson v. Bowker, 5 M. & W. 535 ; Smith v. Gowdy, 90 Mass. 566 ; Ashcroft v. Butterworth, 136 Mass. 511 ; Slaymaker v. Irwin, 4 Whart. 369 ; 1 Chit. Gen. Pr. 118 ; Donaldson v. Kerr, 6 Pa. 486 ; Wristen v. Bowles, 22 Pac. R. (Cal.) 1136 ; Cangas v. L. M. Rumsey Mfg. Co., 37 Mo. Ap. 297 ; Potter v. Hollister, 45 N. J. Eq., 18 Stew. 508 ; Brown v. Norton, 50 Hun, 248 ; Connor v. Renneker, 25 S. C. 514 ; Moulton v. Kershaw, 59 Wis. 316 ; Beauprè v. Pac. & Atl. Tel. Co., 21 Minn. 155 ; Smith v. Gowdy, 90 Mass. 566 ; Foster v. Berg & Co., 104 Pa. 324 ; Chapin v. Cambria Iron Co., 145 Pa. 478 ; Learned v. Tillotson, 97 N. Y. 1; Bank v. Hall, 101 U. S. 43 ; Baker v. Johnson Co., 37 Iowa, 186 ; Ortman v. Weaver, 11 Fed. R. 358 ; Fox v. Turner, 1 Bradwell (Ill.), 153 ; Hyde v. Wrench, 3

Beav. 334; Minneapolis, etc. R. R. v. Columbus Rolling Mill Co., 119 U. S. 149; Royal Ins. Co. v. Beatty, 119 Pa. 12; Fairlie v. Denton, 3 Car. & P. 103; Borland v. Guffey, 1 Grant, Pa. 394; Kellogg v. Stockton & Fuller, 29 Pa. 460; Maclay v. Harvey, 90 Ill. 525; Morton v. Lamb, 7 T. R. 125; Gazely v. Price, 16 Johns. 267; Swan v. Drury, 22 Pick. 485; Hartley v. James, 50 N. Y. 38; Ware v. Lippincott, 8 Cent. R. 572; Trunkey v. Hedstrom, 33 Ill. Ap. 397; Plumb v. Taylor, 27 Ill. Ap. 239; Watjen v. Green, 21 Atl. R. 1028; Neis v. Yocum, 9 Sawy. C. C. 24; Rappanier v. Bannon, 7 Cent. R. 420; 2 Kent's Com., 11th ed. 492; Leonard v. Davis, 66 U. S. 476; Turner v. Moore, 58 Vt. 455; Bush v. Bender, 113 Pa. 94; Williams v. Bentley, 27 Pa. 294; Henry v. Raiman, 25 Pa. 354; Keeler v. Schmertz, 46 Pa. 135; Adams v. Williams, 2 W. & S. 227; Niagara Fire Ins. Co. v. Fidelity Title & Trust Co., 123 Pa. 516; Keeler & Co. v. Schmertz, 46 Pa. 135; Adams v. Williams, 2 W. & S. 227; Robinson v. Tyson, 46 Pa. 286; Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 177; Sleuter v. Wallbaum, 45 Ill. 44; Worthen v. Wilmont, 30 Vt. 555; Grand Tower Co. v. Phillips, 23 Wall. (U. S.) 471; Rose v. Bozeman, 41 Ala. 678; Miles v. Miller, 12 Bush. 134; Gordon v. Norris, 49 N. H. 376; Somers v. Wright, 115 Mass. 292; Kountz v. Kirkpatrick, 72 Pa. 376; Burnham v. Roberts, 70 Ill. 19; Parsons v. Sutton, 66 N. Y. 92; Bush v. Holmes, 53 Me. 417; Kribs v. Jones, 44 Md. 396; Chadwick v. Butler, 28 Mich. 349; Gray v. Hall, 29 Kan. 704; Marsh v. McPherson, 105 U. S. 709; Guice v. Crenshaw, 60 Tex. 344; Barrow v. Arnaud, 8 Q. B. 604; Hoy v. Grenoble, 34 Pa. 9; Shepherd v. Hampton, 3 Wheat. 200; Williams v. Reynolds, 6 B. & S. 495; Cole v. Swanston, 1 Cal. 51; Cockburn v. Ashland, 54 Wis. 619; Windmuller v. Pope, 37 Alb. L. J. 116; Ramish v. Kirschbraun, 90 Cal. 581.

*A. W. Potter*, *H. E. Miller, Jr.*, with him, for appellee, cited: Wharton, Contracts, § 6; Flannery v. Deckert, 13 Pa. 505; 3 A. & E. Enc. L. 858; Pickrel v. Rose, 87 Ill. 263; O'Neill v. Patterson, 27 Pitts. L. J. 189; Bell v. Kennedy, 100 Pa. 221; Forsyth v. North Am. Oil Co., 53 Pa. 168; Kerst v. Ginder, 1 Pittsb. R. 314; Hampton v. Spreckenagle, 9 S. & R. 221; Gould v. Gage, 118 Pa. 564; Blanchard v. Hunter, 7 Pa. C.

C. R. 552; Murdock v. Martin, 132 Pa. 93; East Union Township v. Comrey, 100 Pa. 367; Murdock v. Martin, 132 Pa. 93; Erie City Iron Works v. Barber, 118 Pa. 19; Chapin v. Cambria Iron Co., 145 Pa. 478; Heller v. Royal Ins. Co., 151 Pa. 101; Corson v. Hunt, 14 Pa. 513; Leckey v. Bloser, 24 Pa. 404.

PER CURIAM, May 22, 1893:

In view of the undisputed evidence in this case, there was no error in charging the jury pro forma that there was a valid contract between the parties for delivery of five car loads of wheat at eighty-three and a half cents per bushel, and instructing them to render a verdict in favor of plaintiff for the amount of damages sustained by reason of the breach of said contract, subject to the following reserved questions, viz.: Whether the contract was as above stated, and, if so, whether such readiness and willingness to receive and pay for the wheat, as entitled plaintiff to recover, was sufficiently averred and proved. A verdict for $134.40 was accordingly rendered by the jury, subject to the opinion of the court on said questions of law reserved. The damages having been ascertained by the verdict, these were the only other material questions in the case; and, if ruled in favor of plaintiff, he was entitled to judgment for the amount found by the jury.

The only testimony in the case was that introduced by the plaintiff; and, so far at least as it was material to the issue, it was undisputed. The evidence, as to the alleged contract, consisted of the letters and telegrams that passed between the parties. The construction of that correspondence was, of course, for the court, and the learned president of the common pleas rightly held that it constituted a contract for delivery of five car loads of wheat on the track at Selinsgrove, at 83½ cents per bushel, as claimed by plaintiff. His opinion on the reserved questions is an ample vindication of his rulings on that and the remaining question. The only order given by the plaintiff was for five car loads of wheat at 83½ cents per bushel, and that order was accepted and partially filled by defendant. The correspondence between the parties is not susceptible of any other reasonable construction.

As to the second question, it is a sufficient answer to say

that if plaintiff's statement was deemed insufficient in law to entitle him to recover, the defendant should have demurred thereto. Moreover, the case appears to have been tried on its merits, and the undisputed evidence sufficiently shows that plaintiff was ready and willing to receive and pay for the wheat according to contract.

Anything like a special consideration of the thirty-one specifications of error, or even a portion of them, would serve no useful purpose. For reasons given in the opinion above referred to, the controlling questions were rightly decided; and we find nothing in the record that requires a reversal of the judgment.

Judgment affirmed.