THE CRYSTAL CASE COMPANY v. EUGENE ARNETT.

No. 14,523.   ( 85 Pac. 302.)

CONTRACTS—*Construction.*   Certain letters construed and held to have established a contract.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 10, 1906. Reversed.

*E. L. Foulke, Stanley & Stanley,* and *Hart & Koehler,* for plaintiff in error.

*Stanley, Vermilion & Evans,* for defendant in error.

*Per Curiam:* This was an action brought by the plaintiff in error against the defendant in error to recover damages for the non-fulfilment in part of an alleged contract for the purchase of 100 show-cases, a part of the order having been delivered. The plaintiff introduced its evidence, rested its case, and the defendant demurred. The court sustained the demurrer, and, the plaintiff standing thereon, the court rendered judgment in favor of the defendant. The plaintiff brings the case here.

Case Co. v. Arnett.

. The evidence showed that the plaintiff had a factory where it manufactured show-cases, and also that it had its principal place of business at Alliance, Ohio. The principal question in the case for our decision is whether or not the following letters constituted a contract to sell and to purchase between the plaintiff and the defendant. Under date of March 26, 1901, the plaintiff, by its president, wrote the defendant as follows:

"We are in receipt of your esteemed favor of March 21, in which you state that you are in the market for a considerable number of show-cases. . . . In order that you may look into this matter somewhat, we are sending you under separate cover some cuts of our revolving show-cases, and we beg to state in this connection that the plan which you suggest—shipping out direct to the customer—is the one which we usually pursue, as we have found it to be very much more satisfactory in this, that it saves double handling and the expense thereto. In definite orders for 100, to be shipped from the factory within six months as you may direct, we will make you the following quotations:

| | |
|---|---|
| Style A #1................... | $15 00 |
| Style B #1....:............. . | 9 00 |
| Style A #1, without the hand-rail, which is the exterior means of revolving the inside of the case................ | 12 00 |
| Style B #1, without the hand-rail top, which is the exterior means of revolving the inside of the case................ | 8 00 |
| Copper oxidized pedestal, when desired, we furnish for ...... | 3 50" |

Under date of May 15, 1901, the defendant wrote the plaintiff as follows:

"Back in March and April we had some correspondence with you relative to show-cases. I believe you quoted as follows:

| | |
|---|---|
| Style #1, with hand-rail (A) and bronze pedestal........ | $18 50 |
| Style B #1, without hand-rail.. | 8 00 |

"Above prices f. o. b. cars, Alliance, Ohio.

"We now think of trying to sell a few of these cases and you may enter us for a hundred. We will pay for them as ordered out. Don't know just the proportion of each but presume about two of the B to one of the A. Will you please send us a small size (the smallest you have) cut of each style, and, if you have them so, prefer for them to show jewelry, but if not, we will take them and have plates made ourselves."

It is claimed on the part of defendant that because a letter from the plaintiff proposed to sell 100 cases "to be shipped from factory," whereas the defendant's letter in answer thereto stated "I believe you quoted as follows: . . . Above prices f. o. b. cars, Alliance, Ohio," that the answer did not constitute an acceptance of the offer as made, but attempted to modify it and accept it as modified. By the rules of construction of contracts, it was the duty of the court below and is the duty of this court to determine if possible what was the meaning of the parties, and if their minds met upon one meaning the letters constituted a contract; otherwise there was no contract.

We are authorized in determining this question to consider the subsequent actions of the parties. In the first place, it may be noted that the language of plaintiff's letter, if not ambiguous, was at least unusual. It is usual to speak of freight delivered upon and to be carried by the railroad as shipped. It is not usual to speak of goods delivered upon and carried by a dray as shipped, but the usual expression is carted or hauled. The defendant, it seems, recognized this ambiguity— if it may be so called—in the proposition, and interpreted it without an intention of modifying it. He says, in substance, I believe you quoted above prices f. o. b. cars, Alliance, Ohio. It is shown that the plaintiff either originally intended its quotation as interpreted by defendant or afterward accepted the defendant's interpretation, as it shipped a part of the goods on the order of the defendant on that basis. The part performance evidences no misunderstanding, but

is evidence of a complete understanding—a complete contract.

Some minor reasons for sustaining the judgment are discussed in defendant's brief which we have examined and do not find well sustained. The question whether or not there was a contract seems to have been the question upon which the case turned, and as we have concluded that there was a contract between the parties the ruling of the district court in sustaining the demurrer to plaintiff's evidence is reversed, and a new trial granted.

