## MORRIS KNOBEL et al. *vs.* SAMUEL J. BRAMSON.

Cumberland County. Decided January 17, 1923. A traveling salesman, representing these plaintiffs, solicited from this defendant, a retail dealer, an order for certain suits and coats; the order being detailed, in duplicate, in writing, on otherwise partly printed sheets which the salesman carried for use in such cases. One copy of the order was sent to the plaintiffs and the other left with the defendant.

Plaintiffs, by way of a first installment of the ordered wearing apparel, forwarded all but three garments, of which shipment the defendant kept all but six; these he returned, claiming himself privileged so to do under the terms of the contract, which the plaintiffs disputed. In the course of subsequent correspondence, plaintiffs asked the defendant whether he was still desiring the omitted three garments shipped, and the defendant promptly wrote that he was not. After receiving his letter, plaintiffs shipped defendant the three garments, and with the three, the six that the defendant had previously sent back, which shipment the consignee refused from the common carrier of the merchandise. Meanwhile, defendant had tendered his check in payment for the garments retained in the instance of the first shipment. The tender was rejected on the ground, not of its medium, but of the insufficiency of its amount.

Action followed, based on a full performance of the original contract. In making their case, plaintiffs inquired of the salesman who took the order, whether, as filled in and submitted by him to the defendant, the order was inclusive of all the terms and conditions of

sale, and he answered that it was. The defendant, in turn, offered a letter, bearing a date six months later than the writ, that he had from the defendant, stating the conditions of the order somewhat differently than did the written order. But, on interposed objection, the letter was not accepted in the evidence, and rightly. The writing, bespeaking itself with completeness in no uncertain terms, was controlling. And this regardless of conflicting statements concerning its inclusiveness or omissions, and regardless, too, of the credibility of any witness. So, the reserved exception must fail.

Plainly, the tender was too small, for it did not cover payment for all the goods originally received, and hence, if for no other reason, the exception concerning the refusal to direct a verdict for the defendant, is insecurely rested.

But there is a difficulty with the plaintiffs' verdict. It is excessive. While the three garments were yet unshipped, the order was modified by mutual consent of the parties, on the initiative of the plaintiffs' letter, in respect to the three garments. Therefore, plaintiffs might not properly charge the defendant for them, and much less recover against him therefor. One hundred and ten dollars are included in the verdict's amount for these garments, erroneously. If the plaintiffs will remit this sum within twenty days from the filing of this rescript, the motion for a new trial will be overruled; otherwise, it must be sustained. *H. E. Nixon*, for plaintiff. *J. S. Judelshon*, for defendant.