## Seaboard Lithographing Co., Inc. *v.* Tait et al., Appellants.

*Sales—Sales of goods—Offer and acceptance—Act implying acceptance.*

In an action of assumpsit for the breach of a contract, it appeared that defendant confirmed an order for the manufacture and sale of goods, but requested a change in the terms of delivery; that plaintiff refused to accept the change unless a larger price be paid, whereupon defendant wrote: "We hope you will reconsider your position and ship our order as requested;" and that the plaintiff without further correspondence manufactured and shipped two installments of the goods ordered, which were billed and paid for at the price originally fixed.

Under such circumstances, the manufacture and shipment of the goods in accordance with defendant's letter constituted an acceptance of defendant's offer.

An offer to buy or sell becomes a binding agreement when the person to whom the offer is made accepts and communicates his acceptance, or performs an act in compliance with the terms of the offer from which his acceptance may be implied.

Argued November 12, 1925. Appeal No. 262, October T., 1925, by defendants, from judgment of M. C. Philadelphia County, June T., 1924, No. 305, in the case of Seaboard Lithographing Co. Inc., v. Francis Tait, Sr., James Tait, William Tait, Robert Tait, Samuel Tait, Francis Tait, Jr., Elmer A. Naigle and Victor H. Wills, trading as Howard Hosiery Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover for breach of contract. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1277.09, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Geo. J. Edwards, Jr.,* and with him *Hiram B. Calkins,* for appellants.—The letters were too indefinite to form a basis for a contract: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Frick & Lindsay Co. v. Ry. Co., 271 Pa. 536; Clements v. Bolster, 6 Pa. Superior Ct. 411; Butler v. Kemmerer, 218 Pa. 242.

*Joseph Gazzam, Jr.,* of Peck, White, Forster & Gazzam, for appellee.

OPINION BY KELLER, J., February 26, 1926:

This was an action in assumpsit for (1) goods manufactured and delivered pursuant to contract, and (2) damages for breach of contract in refusing to accept the balance of goods ordered. The defense was that defendants' order had never been accepted and therefore no contract had been entered into; and that the goods delivered had been returned because not ordered.

There can be no valid contract without a meeting of minds; an acceptance by the one of the other's offer. But this acceptance can be evidenced by acts no less than by words. The rule is well stated in Cyc., as follows: "An offer to buy or sell becomes a binding agreement when the person to whom the offer is made accepts it and communicates his acceptance, or performs an act in compliance with the terms of the offer from which his acceptance may be implied" (Vol. 35, p. 52).

Plaintiff wrote defendants on October 16, 1923 that one Gutman, purporting to act for them, had ordered it to manufacture and ship to them a large quantity of

"Texstep" hosiery packing, (to be specially manufactured for defendants), to wit, 100,000 wraps at $8.50 per M., 100,000 bands at $2 per M. and 300,000 riders at $1 per M., which was to be charged to defendants when shipped, deliveries to be made as near November first as possible; and asked prompt acknowledgment of the order so that it might proceed with the manufacture.

Defendants replied on November 9, 1923, that plaintiff could enter their order for the "Texstep" hosiery packing about which it had written them under date of October 16th. They requested plaintiff to forward at once one-tenth of the order, stating they would draw on the balance as they needed them, as they lacked storage space—and added, "These goods are to be billed only when and as shipped on our shipping instructions."

To this plaintiff replied on November 12th, that it would not ship defendants a portion only of the packing ordered and the balance as needed, without charging an extra 5 per cent for the accommodation. Had this ended the correspondence no contract would have resulted: Frick & Lindsay Co. v. Ry. Co., 271 Pa. 536.

But defendants answered on November 15th, refusing to pay the extra 5 per cent demanded for the accommodation and saying: "When we order our own packing from our printer we order as Mr. Gutman did from you, but we draw on same as we need it and still our printer does not charge us one penny more, and this case we certainly had a right to believe stood in yours. We . . . . trust you can see your way clear to favor us with our portion which we have ordered . . . . This matter we will again take up with Mr. Gutman when he calls at our office, but in the meantime we ask that you come down off your firm stand and be reasonable in this transaction as we had nothing to do with it at the beginning, in fact we never knew such an amount of packing was ever ordered, therefore we hope

you will reconsider your position and ship our order
as requested in our letter of the 9th.''

Without any further correspondence plaintiff began
manufacturing the packing and on November 30th
shipped a portion of the quantity which defendants
had ordered shipped in their letter of November 9th,
and billed the same at the price originally fixed, which
was paid.  On December 10th a second shipment was
made slightly exceeding the amount specified in de-
fendant's letter of November 9th, which was likewise
billed as aforesaid and paid for.  By this time the
goods were all manufactured.  Defendants shortly
thereafter notified plaintiff that they would not ac-
cept any further shipments.  Plaintiff, nevertheless,
on January 9, 1924, made another shipment, which de-
fendants kept for two or three months and then re-
turned, and this suit followed.

In their letter of November 15th defendants did not
request any letter or reply from plaintiff agreeing to
ship the manufactured goods as called for without any
advance in price; they simply said, ''We hope you
will reconsider your position and ship our order as
requested in our letter of November 9th.''  Plaintiff's
compliance with this request by the manufacture and
shipment of goods in accordance with defendant's let-
ter of November 9th constituted just as effective an
acceptance as if it had formally written to that effect:
Person & Riegel Co. v. Lipps, 219 Pa. 99, 107; 13
Corpus Juris 275.  ''The fulfillment of that which the
promiser stipulates for has always been deemed the
best and sufficient proof of assent'': Hoffman v. R. R.
C., 157 Pa. 174, 194.  And defendants' receipt of the
goods and payment of the bill rendered, on the terms
insisted upon by them, was a recognition of such ac-
ceptance and evidenced a meeting of minds in accord-
ance with their letter.  The shipment of the goods,
billed at defendants' price, following their letter of

November 15th, was not susceptible of any other reasonable construction: Eckert v. Schoch, 155 Pa. 530. Defendants knew that the packing would have to be manufactured specially for them; that it would be of no use to any one else; that the order called for a large quantity, of which only a small amount was to be delivered forthwith. Had they desired to withdraw their order they should have notified plaintiff to that effect before they accepted and paid for the first shipment following their letter of November 15th.

The defendants offered no testimony. In our view of the case the learned trial judge was justified in charging the jury that if they believed the uncontradicted evidence produced on behalf of the plaintiff, they should render a verdict in its favor. No harm was done defendants by the failure of plaintiff to offer in evidence the plaintiff's letter to defendants of November 12th, (Exhibit "C" of plaintiff's statement); for the important clause in it, the refusal of plaintiff to ship the packing as called for, unless the price was raised, was quoted in defendants' reply of November 15th which was offered and admitted in evidence.

We need not consider the assignments seriatim. They are all overruled and the judgment is affirmed.