SPECIALTY TRADING COMPANY *vs.* A. C. ERISMAN COMPANY.

Suffolk.    March 7, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Contract,* Construction, In writing.    *Evidence,* Extrinsic affecting writing, Of course of conduct.

An action of contract was upon a writing signed by the defendant and accepted by the plaintiff whereby the defendant "ordered of" the plaintiff "Quan. 200 Camera-Phonographs" at a certain price with

certain terms as to shipping and payment, the writing providing further, "This Order given with the understanding that We are to be the Exclusive Distributors of the above Camera-Phone in the New England States, Our allotments to be Five Thousand Machines in the next year . . . We will notify you by the end of 60 days as to our weekly requirements. Should we desire to discontinue after the first year we agree to give you ninety days notice." *Held,* that

(1) The construction of the writing was for the trial judge;

(2) Properly construed, the defendant's order under the writing was of two hundred machines only: the writing was not an order of five thousand machines for delivery throughout the year with immediate delivery of two hundred;

(3) The writing was unambiguous and could not be varied nor contradicted by evidence that, at the time it was given and accepted, the plaintiff understood that it was an order for five thousand machines, nor by evidence of a subsequent course of conduct by the parties, including correspondence between them, even if such evidence warranted the conclusion that they treated the order as one for five thousand machines.

CONTRACT upon the writing described in the opinion. Writ dated December 6, 1926.

The action was tried in the Superior Court before *Walsh,* J. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*S. I. Jacobs,* for the plaintiff.

*C. S. Walkup, (F. J. V. Dakin & J. B. Sly* with him,) for the defendant.

FIELD, J. This is an action of contract to recover for loss of profits alleged to have resulted to the plaintiff from the refusal of the defendant to accept certain "Camera-Phonographs" or small talking machines which the plaintiff contends the defendant ordered in writing and agreed to buy from it. The case was tried before a judge of the Superior Court and a jury. The judge ruled as matter of law that the plaintiff could not recover, directed a verdict for the defendant, and reported the case "upon the stipulation that if the ruling and direction" were wrong "a verdict [is] to be entered for the plaintiff in the sum of $1500, plus the accrued interest and costs; otherwise judgment for the defendant on the verdict is to be entered."

The jury would have been warranted in finding that on or about March 28, 1924, the defendant gave to the plaintiff an order in writing, in the form herein set forth, and that the

order so given was accepted by the plaintiff. The instrument was as follows:

DATE March 28, 1924

ORDERED OF      Specialty Trading Co.
                547 Broadway,
                    New York, N. Y.

THIS SALE SUBJECT TO CONDITIONS ON FACE AND BACK OF THIS SHEET

TERMS 2% 10 days   DATING April 1st   SHIP VIA   Boat
      30 days net

NO.   QUAN.      ITEMS    PRICE DISCNT. TOTAL RECEIVED
      200         Camera-Phonographs
                      List 15.00          Net each 7.20
                  With aluminum horns

This Order given with the understanding that
We are to be the Exclusive Distributors of the above
Camera-Phone in the New England States, Our
allotments to be Five Thousand Machines in the
next year.   All Instruments fully guaranteed for
one year.   We will notify you by the end
of 60 days as to our weekly requirements.

Should we desire to discontinue after the first year
we agree to give you ninety days notice.

'Send Electros'                    Signed   A. C. Erisman
Supply Parts.
Fibre Horns.

If by the contract so made the defendant was bound to accept only two hundred "Camera-Phonographs," there was no evidence of breach thereof by the defendant, and the ruling of the judge and the direction by him of a verdict for the defendant were right. If, on the other hand, by this contract the defendant was bound to accept five thousand "Camera-Phonographs," there was evidence of breach and the ruling and direction of a verdict were wrong. Thus the case turns on the construction of the written order.

Since the order was in writing, its construction was for the judge and not for the jury. *Gould* v. *Converse*, 246 Mass. 185, 189. Clearly according to its terms only two hundred

machines were ordered. The written instrument uses the words "This Order" with reference to the preceding words "QUAN. 200" "ITEMS Camera-Phonographs." This was the "Order" which was given "with the understanding" that the defendant was to be "the Exclusive Distributors . . . in the New England States," and with the further understanding that the defendant's "allotments" were to be "Five Thousand Machines in the next year." Whatever may be the binding force upon the plaintiff of the provision for "allotments," that provision does not substitute for the defendant's unambiguous order for two hundred machines an order for five thousand machines. The defendant's order for two hundred machines was conditioned upon some assurance from the plaintiff as to the territory which the defendant should control for purposes of distribution, and some assurance also that its estimated needs for that territory would be supplied. The provisions for notice to the plaintiff of the defendant's weekly requirements, and for notice of the defendant's desire to "discontinue" which obviously refers to discontinuance of the defendant's exclusive New England agency, are consistent with the interpretation here given to this order. The construction of the written instrument as an order for five thousand machines for delivery throughout the year, with immediate delivery of two hundred, is not warranted by its language. In this respect the order is not like the order considered in *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, relied on by the plaintiff.

There was evidence, introduced by the plaintiff, which tended to show that at the time the order was given and accepted the plaintiff's general manager, who acted for the plaintiff in the transaction, understood that it was an order for five thousand machines. Such evidence cannot vary the effect of the written contract. *Deutsch* v. *Pratt*, 149 Mass. 415, 420. There was also evidence of a course of conduct of the parties after the contract was made, including correspondence between them, from which the plaintiff argues that both parties treated the order as calling for five thousand machines. Even if it is assumed in favor of the plaintiff that the evidence warrants this conclusion, the written order

which is plain upon its face cannot be contradicted in this way. *Stony Brook Railroad* v. *Boston & Maine Railroad,* 260 Mass. 379, 386, and cases there cited.

Since on the true construction of the defendant's order for "Camera-Phonographs" there was no evidence of breach of the defendant's contract, the trial judge was right in ruling that the plaintiff could not recover and in directing a verdict for the defendant.

*Judgment for the defendant.*