## The Tile-Rite Company v. Hartsuff

*W. Coburn Sweet, Jr.*, for plaintiff.
*Moorhead, Marshall & Sawyer*, for defendant.

McCREARY, P. J., February 3, 1950.—The above-entitled action is a suit in assumpsit to recover for goods sold and delivered. At the trial held before a jury on October 18, 1949, plaintiff established as fact, and it was admitted by defendant, that on May 27, 1948, Donald M. Edmonds, on behalf of A. & A. Heating Company, defendant, signed an order for the purchase of goods, directed to the Tile-Rite Company, plaintiff, a copy of which order is as follows:

"The Tile-Rite Company
5505 St. Clair St.   "Cleveland, Ohio
                        Date: May 27, 1948

"Charge to A. & A. Heating Co.
Address: 232 Bridge St.        Salesman: John Samko
Town: West Bridgewater, Pa.
Ship to: 232 Bridge St., West Bridgewater, Pa.
When: At once        ·        · Via Truck Express

| QUAN | | NUMBER | DESCRIPTION | | | PRICE | TOTAL |
|------|---|--------|-------------|---|---|-------|-------|
| 150 | sq. ft. | | White | | | .34 | |
| 150 | " " | | Black | | | ) | |
| 150 | " " | | Maroon | | | ) | |
| 150 | " " | | Ivory | | | ) | |
| 150 | " " | | Marbelle Green | | | ) | |
| 150 | " " | | " Blue | | | ) | |
| 150 | " " | | " Yellow | | | ) | |
| 150 | " " | | " Maroon | | | ) | |
| 150 | " " | | Rainbow Blue | O | | ) | |
| 150 | " " | | " Green | O | | ) | |
| 150 | " " | | Marbelle Peach | | | ) | |
| 2000 | Pcs | | Black Cap 2⅛" | O | | .04 | |
| 2000 | " | | Maroon Cap 2⅛" 1800 | | | .04 | |
| 2000 | " | | Black Feture Strip ¾" | O | | .02 | |
| 2000 | " | | Maroon Feture Strip ¾" | O | | .02 | |
| 40 | gal. | | Mastic (5 gal. cans) | | | 2.75 | |

No returns accepted unless authorized by us in writing.
Not responsible for breakage. File claims with carriers.
                Signed   Donald Edmonds
                                Buyer."

Defendant admitted receipt of all the goods enumerated in the order, except those opposite which the symbol "O" appears, as follows:

"It is stipulated that the second paragraph of paragraph four of the answer admits that goods in the amount of $641.00, as set forth in Defendant's Exhibit 'C', were shipped on June 1, 1948, and delivered to the defendant."

Omitting from the original order the items marked by the symbol "O", the purchase price of the goods delivered totals the sum of $641. No offer to return the goods was made until September 29, 1948, almost four months later.

There was a similar order for a tile cutter for $27 placed with plaintiff, acting through their Mr. Hirsch, on July 27, 1948, and it was signed by Mr. Hartsuff on behalf of defendants. It was admitted by defendants that this tile cutter was received from plaintiff shortly after the order was placed and that no offer was made to return it until September 29, 1948, two months later. The total of these two orders was $668.

On October 6, 1948, the A. & A. Heating Company addressed its only communication to plaintiff with reference to the two shipments of June 1, 1948, and August 2, 1948, in language as follows:

"We are sorry that we could not sell this tile. We told you sometime ago we would have to return same. We are really trying to do the best we can. Please send credit memorandum."

On October 7, 1948, plaintiff replied as follows: "Gentlemen:

"As stated in our letter of October 2nd, we cannot accept return of the tile that you propose to return. Therefore we cannot issue any credit; and, of course, we are looking to you for payment."

It will be noted that defendant does not offer to return the goods on the ground that they did not constitute the complete order, or because the goods were not as warranted, or on the ground that the return was on a basis of right, as contemplated by any prior oral arrangement that the goods were to prove "satisfactory to defendant".

Plaintiff proved, by the admissions of defendant, that goods aggregating the sum of $668 had been shipped by plaintiff to defendant as represented by invoice of June 1 and August 2, 1948, and that the same had been accepted by defendant and that defendant had exercised dominion over the shipment of June 1st for four months, and over the shipment of August 1st for two

months, before offering to return the same; and further proved, as it was admitted by defendant, that defendant had actually used some of the material priced in the aggregate at $96.92 and had actually tendered a check for this amount in payment of the price, at unit figures, and in addition proved that defendant tendered back the balance of the shipment by letter of October 6, 1948, supra, valued at $571.08. Plaintiff further proved, as admitted by defendant, that no part of the $668 was paid or tendered, except as recited above. Tender of the $96.92 was refused because it was tendered as payment in full in connection with the offer to return the balance of the goods. Tender of return of the unused portion of the goods was refused.

Defendant then offered to prove that the two orders of May 27, 1948, and July 27, 1948, were given with the complete understanding and agreement between plaintiff and defendant that in case defendant was not satisfied with the type of goods sent to defendant, that defendant had the privilege of returning any of the goods deemed not satisfactory, and that defendant would receive the full purchase price credit for returned goods. In connection with this offer, defendant also offered to prove that the product, after four months' trial, was not satisfactory to it, defendant.

To this offer plaintiff objected and the objection was sustained by the court on the ground that the orders of May 27, 1948, and July 27, 1948, were in writing, signed by defendant's authorized agents and that they ripened into a contract binding on defendant when accepted by plaintiff by its act of shipping the materials ordered, and on the ground that the written order, so signed, admittedly contained this legend "No returns accepted unless authorized by us in writing".

It will be noted in passing that neither in the pleadings nor in any offers of proof was there any allegation

that any oral representations alleged to have been made by plaintiff's salesman, prior to or contemporaneously with the signing of the order, were omitted from the order by fraud, accident or mistake.

Defendant then offered to prove that prior to and contemporaneously with the execution of the written order by defendant plaintiff's agent made certain oral warranties as to the nature of the product proposed to be sold, and that he had made representations as to the tile being subject to being cut without crazing or cracking and that loss in this regard would amount to only one percent, whereas, in fact, loss in this regard amounted to 35 percent. Plaintiff objected on the grounds that (1) It is an attempt to vary or alter the terms of a written contract by parol, contrary to the parol evidence rule, and (2) such defense was not pleaded. This objection was also sustained by the court.

After defendant rested, with the record in this shape, the court directed a verdict in favor of plaintiff and against defendant for $668, with interest, and such a verdict was found by the jury.

Defendant then made a motion for a new trial, assigning four reasons which, in substance, purport to say that: (1) The court erred in ruling that the contract which formed the basis of the suit consisted of the written offer to purchase, signed by defendant, which contained the words "No returns accepted unless authorized by us in writing", plus the acceptance thereof by plaintiff by its act of shipping a substantial portion thereof within three days of receipt of the order. Defendant insists that the failure of plaintiff to ship the items omitted constituted a counter offer and that the contract consisted of this counter offer on the part of plaintiff, which ripened into a contract by defendant accepting the counter offer and retaining the goods shipped. With this we cannot agree. Defendant's

second contention is that if the contract between the parties consisted of a counter offer by plaintiff and its acceptance by defendant, defendant has a right to show oral agreements between it and plaintiff's salesman prior to and contemporaneously with the signing of the written order, for the reason that, if defendant's position in this regard is correct, the contract is not a written contract and its terms may be explained in full by defendant, and thus produce questions of fact for a jury to pass upon. We agree with defendant's conclusion, if the contract was as contended for by it, but say that as a matter of law the contract consisted of the written order signed by defendant which was accepted by plaintiff by shipping a substantial portion of the goods, shipped with this notation on the invoice "the balance will follow".

The statement of a few general principles universally recognized will make the matter crystal clear. A written order for goods cannot be varied by parol representations alleged to have been made by one of the parties prior to the execution of the written agreement. Even if the parol agreement were contemporaneous, it is inadmissible, unless there is proof that it was omitted from the written agreement by fraud, accident or mistake: American Home Savings Bank v. Guardian Trust Company, 210 Pa. 320. The parol evidence rule is well stated in Brown on Evidence (Penna.) at page 223, as follows:

"Whenever any judgment, contract, grant, or note is contained in a writing which appears to be complete and regular on its face, it is the sole evidence of the agreement, and cannot be varied, altered, or contradicted by parol unless it is proved by clear, precise and indubitable evidence that a portion of the writing was either omitted or stated as the result of either fraud, accident, or mistake."

The first question that arises is whether a written order for goods, which is accepted by the offeree, constitutes a written contract within the meaning of this rule. There seems to be no doubt about this. The law is succinctly stated in 32 C. J. S. 834 §910(d), as follows:

"A written purchase order which contains the entire agreement cannot be varied by parol, where there are a written order and an acceptance thereof, as by an acceptance in writing or by delivery and receipt of the goods, or where a written order is made in acceptance of a written offer, these constitute the contract and cannot be varied or contradicted."

See, also, Morris v. Southwestern Supply Co., 136 Ark. 507, 206 S. W. 894; Frank & Meyer Neckwear Co. v. White, 32 Ga. App. 613, 124 S. E. 116; Knobel v. Bramson, 122 Me. 553, 119 Atl. 305; Specialty Trading Co. v. A. C. Erisman Co., 267 Mass. 220, 166 N. E. 642; Aristo Hosiery Co. v. Goldstein-Lasar Co., 188 N. Y. S. 460; Burwell & Dunn Co. v. Chapman et al., 59 S. C. 581, 38 S. E. 222; Little v. Armstrong Mfg. Co., 58 S. W. 2d 849 (Tex. Civ. App.). Special note must be made of the case of Knobel et al. v. Bramson, 122 Me. 553, 119 Atl. 305. The facts are set forth in the opinion of the court as follows:

"A traveling salesman, representing these plaintiffs, solicited from this defendant, a retail dealer, an order for certain suits and coats; the order being detailed, in duplicate, in writing, on otherwise partly printed sheets which the salesman carried for use in such cases. One copy of the order was sent to the plaintiffs and the other left with the defendant.

"Plaintiffs, by way of a first installment of the ordered wearing apparel, forwarded all but three garments, of which shipment the defendant kept all but six; these he returned, claiming himself privileged so to do under the terms of the contract, which the

plaintiffs disputed. In the course of subsequent correspondence, plaintiffs asked the defendant whether he was still desiring the omitted three garments shipped, and the defendant promptly wrote that he was not. After receiving his letter, plaintiffs shipped defendant the three garments, and with the three, the six that the defendant had previously sent back, which shipment the consignee refused from the common carrier of the merchandise. Meanwhile, defendant had tendered his check in payment for the garments retained in the instance of the first shipment. The tender was rejected on the ground, not of its medium, but of the insufficiency of its amount."

The court rejected an offer to prove parol representations alleged to have been made by the salesman at the time of defendant's signing the written order, in spite of the fact that the seller had not shipped the entire order, but ruled that the buyer had to pay for all the order except the part not shipped.

The manner of acceptance of an order so as to make a binding contract may be by a writing, by parol, or by shipment of the goods. If the goods are shipped or delivered in accordance with the terms it constitutes an offer and may be accepted by the offeree by shipment of the goods. As stated in section 59 of 55 C. J., Sales, p. 94:

"(b) SHIPMENT OR DELIVERY OF GOODS. Unless a formal written acceptance is required by the order, an order for goods to be shipped or delivered to the buyer, if not previously withdrawn, is accepted and becomes a binding contract of sale when the goods are shipped or delivered in accordance with the terms of the order, without any formal notice thereof, notwithstanding the order provides for the signing and delivery of a duplicate of the order by the seller."

The next question that naturally presents itself under the pleadings and proof in the case we are now considering is whether the shipment of the great bulk of the goods ordered by defendant constituted an acceptance binding on both parties, or whether by reason of the failure on the part of the seller to ship a few of the items not in stock constituted a revocation of the written offer. Certainly the court's ruling in the case of Knobel v. Bramson, supra, is contrary to the contention of defendant. It, in effect, holds that a deviation from the order as written may relieve the buyer from the obligation to pay for the omitted articles, but that the shipment of the articles ordered at unit prices constitutes an acceptance and makes a contract binding on the buyer for the goods shipped and accepted by the buyer.

A Pennsylvania case involving the same principle was Eckert v. Schoch, 155 Pa. 530. In that case the court held that a valid contract, binding on the seller, was made when the buyer offered, in writing, to purchase five cars of wheat, and the seller, by way of reply, shipped one car of wheat. The court held that the shipment of one car of wheat constituted an acceptance of the offer to buy five cars, and made the seller liable in damages for failure to ship the other four cars. See, also, Seaboard Lithographing Co., Inc., v. Tait et al., 87 Pa. Superior Ct. 338.

There is an excellent annotation on the subject of "Acting on order for goods as an acceptance thereof" in 19 A. L. R. 476, etc., following a decision of the West Virginia Supreme Court of Appeals in the case of Wood and Brooks Co. v. Hewitt Lumber Co., 89 W. Va. 254. In that case in was held that a partial and reasonably prompt shipment by the offeree of more than half of the quantity and quality of lumber purchased for delivery, and delivered to and accepted

by the offerer, pursuant to the terms and conditions of the offer, amounts to an acceptance by the offeree. The annotation makes this statement:

"Shipment in compliance with an order for goods of a part thereof has, in a number of cases, been held to complete the contract of sale. *Haskell & B. Car Co. v. Allegheny Forging Co.*, (1910) 47 Ind. App. 392, 91 N. E. 975; *Crystal Case Co. v. Arnett*, (1906) 73 Kan. 774, 85 Pac. 302; *Sheridan Coal Co. v. C. W. Hull Co.*, (1910) 87 Neb. 117, 138 Am. St. Rep. 435, 127 N. W. 218; *Monarch Portland Cement Co. v. P. J. Creedon & Sons*, (1913) 94 Neb. 185, 142 N. W. 906; *Smith v. Droubay*, (1899) 20 Utah, 443, 58 Pac. 1112."

We believe Pennsylvania to be in accord with this general principle as indicated by the cases cited. Defendant insists that the principle governing the decision of our case is stated in A. L. I. Restatement of the Law of Contracts §45. We are in agreement with defendant in this regard. That section reads as follows:

"If an offer for a unilateral contract is made, and part of the consideration requested in the offer is given or tendered by the offeree in response thereto, the offeror is bound by a contract, the duty of immediate performance of which is conditional on the full consideration being given or tendered within the time stated in the offer, or, if no time is stated therein, within a reasonable time."

In comment (*a*) the author states that what is tendered must be part of the actual performance requested in order to preclude revocation under this section. There is no question that plaintiff not only made tender of a substantial part of the goods ordered, but on the shipping invoice stated that the "balance will follow". No question was ever raised by defendant about any default on the part of plaintiff in shipping the balance. Whether defendant would be entitled to

damages for failure of plaintiff to ship the whole order after it had contracted to ship the whole within a reasonable time, is not before us for decision now because no such default was pleaded by defendant, either by way of defense or counterclaim.

We are satisfied that a valid, binding contract, in writing, to purchase and pay for the goods ordered by defendant came into existence by plaintiff promptly shipping a substantial quantity of the goods so ordered, and that that writing comes within the protection of the parol evidence rule, supra, and that we properly rejected all offers on the part of defendant to prove by parol testimony matters that would tend to alter or vary the terms of the written contract.

If the law were as defendant contends it is then it would follow that, if one should send a written order for $100 worth of merchandise to a mail order house on an order blank containing the statement that no goods were to be returned except after written permission of the offeree, and the offeree were to omit a paper of pins from the shipment, the buyer, after accepting the shipment and exercising dominion over it for four months, could return the shipment on the ground that the sales representative had represented to him that he could return the goods if not satisfactory. He could insist that the contract was wholly oral, consisting of the counter-offer of the seller and acceptance thereof by the buyer. This would wholly undermine the value of the parol evidence rule.

Even if we were to concede, in the present case, that there was a modification of the contract by the seller shipping less than the whole quantity ordered and the buyer accepting the same without complaint, the modification would go only to the matter of quantity and

not to the matter of the right to return or not to return the goods shipped and accepted.

Entertaining these views we must dismiss the exceptions to the court's rulings and refuse the motion for a new trial.

### Order

Now, February 3, 1950, defendant's exceptions are overruled and the motion for a new trial is dismissed; it is further ordered that judgment on the verdict in favor of plaintiff and against defendant be entered, on payment of the jury fee.